GENERAL RADIO COMPANY,
Plaintiff, Appellant,

v.

SUPERIOR ELECTRIC COMPANY,
Defendant, Appellee.

No. 5805.

United States Court of Appeals
First Circuit.

Heard May 2, 1961.

Decided Aug. 25, 1961.

Robert H. Rines, Boston, Mass., with whom David Rines and Rines & Rines, Boston, Mass., were on brief, for appellant.

William W. Rymer, Jr., Boston, Mass.. with whom Stephen H. Philbin, New York City, and Ernest M. Junkins, Bridgeport, Conn., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The appellant, General Radio Company, is a Massachusetts corporation and the owner of United States Patent No. 2,949,592 for "Adjustable Transformer With Stabilized Contact Track." The appellee The Superior Electric Company, is a Connecticut corporation charged by General with infringing its patent.

Litigation between the parties began on October 4, 1960, with the filing by Superior of a complaint against General in the United States District Court for the District of New Jersey praying for a judgment declaring General's patent invalid and void, but if valid, not infringed. Three days later, on October 7, 1960, General initiated the case at bar by filing a complaint against Superior for infringing its patent and for unfair competition in the United States District Court for the District of Massachusetts. On October 25, General filed its answer in the New Jersey litigation and with its answer a counterclaim for unfair competition. On October 28 Superior filed a motion to dismiss the suit pending against it in Massachusetts "on the grounds of lack of jurisdiction of the subject matter and improper venue; or alternatively, to stay proceedings," and filed affidavits in support of its motion. General filed an affidavit in opposition and the motion came on for hearing orally and on briefs in the court below on November 30, 1960. After the hearing the court filed the following memorandum:

> "Those parts of the complaint claiming patent infringement are dismissed on the ground of improper venue. Those parts of the complaint claiming unfair competition are dismissed for failure to ally [sic.] (allege) the jurisdictional amount. Motion to dismiss the complaint · granted."

A motion by counsel for the plaintiff to amend General's complaint to allege the jurisdictional amount of $10,000 and for rehearing was filed on November 30, but, without acting on the motion, the court entered judgment on December 19 dismissing the "action" on defendant's motion in accordance with its memorandum of November 30 quoted above. Motions by the plaintiff to alter or amend the judgment, for relief from the judgment and to vacate it were denied and the plaintiff thereupon took the present appeal.

■ The affidavits submitted in support and the affidavit submitted in opposition to the defendant's motion to dismiss for lack of venue disclose the following facts.

Superior's main office and manufacturing plant are located in Bristol, Connecticut. In Massachusetts it maintains an office staffed with a salesman who describes himself as a "sales engineer" and gives as his title "District Sales Manager," and a secretary. The salesman solicits orders for Superior's products in "the part of Massachusetts, New Hampshire, Vermont, Rhode Island and Maine not covered by a sales representative from Bristol," and in connection with his sales activities he consults with prospective purchasers as to their requirements and possible changes in design to meet their needs, quotes prices and investigates complaints. He does not service the alleged infringing transformers manufactured by Superior. All service complaints after investigation are referred to Superior in Bristol for action.

When the salesman obtains an order he directs the customer to address it to Superior at Bristol, which is the only place where the order can be acknowledged and accepted. If an order comes in directed to the Massachusetts office the salesman forwards the order to Bristol since he has no authority to acknowledge or accept it and notifies the customer to change the address to Bristol. Invoices are sent from Superior's office in Bristol and payment is made to that office. Superior has no bank account in Massachusetts, does no warehousing in Massachusetts, and does not stock any products in Massachusetts. In its Massachusetts office it maintains only a supply of litera-

ture relating to its products, including the alleged infringing transformer.

Superior displays its name on the door of its Massachusetts sales office, on the directory in the main hallway of the building in which its office is located and on the outside of the building itself. Its name and address are listed in the local telephone directory and also the Yellow Pages carrying advertising.

On these facts we think the court below correctly dismissed the plaintiff's complaint for lack of venue insofar as it claims patent infringement.

In Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786, the court, reaffirming its decision in Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026, held categorically that § 1400(b) of Title 28 U.S.C. quoted in the margin [1] "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)."

■ Certainly Superior does not "reside" in Massachusetts. Its corporate residence is clearly Connecticut. The question therefore is whether the facts recited in the affidavits establish the alternative basis for venue, that is, whether the facts establish that Superior "has committed acts of infringement and has a regular and established place of business" in Massachusetts.

These latter requirements for venue are conjunctive. Both must be met to confer venue; if either is lacking venue fails. Since we think controlling authority establishes that on the facts disclosed in the affidavits Superior did not have a regular and established place of business in Massachusetts within the meaning of the patent venue statute, there is no need for us to consider whether it "has committed acts of infringement" in that district.

■ The wording of the present venue statute differs substantially from the wording of its predecessor, § 48 of the Judicial Code, 28 U.S.C. (1940 Ed.) § 109. But the Court in the Fourco Glass Co. case at page 228 of 353 U.S., at page 791 of 77 S.Ct. held that the change in wording wrought no change in substance. And § 109, supra, except for the substitution of "district courts" for "circuit courts," is identical in wording with the Act of March 3, 1897, 29 Stat. 695. Therefore, decisions under the 1897 Act are authority today and we consider ourselves bound by W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 1915, 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808, in which the Court, on facts essentially similar to those in the case at bar, held that a defendant did not have a regular and established place of business in the district of suit within the intendment of the 1897 Act.

The facts as stated by the Court in the Tyler Co. case are more meager than those appearing in the case at bar in that from the opinion in that case it does not appear that the defendant's name was displayed on the door of its New York sales office or on or in the building where it was located or that its name was listed in the New York telephone directory, or that it kept sales literature in its New York office or that its salesman investigated complaints. But all these activities are only incidents of solicitation. In that case as in this, the local salesman consummated no sales himself; his only duty with respect to sales was " 'to solicit orders [and] forward them when received to the home office for execution.' " It is evident from the opinion in the Tyler Co. case that this is the fact the Court considered determinative. Indeed, there can be little doubt that this is so, for actually the full facts in the Tyler Co. case are strikingly similar to the facts before us in the case at bar. See Elevator Supplies Co., Inc., v. Wag-

1. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

ner Mfg. Co., D.C.S.D.N.Y.1931, 54 F.2d 937. It is true that in the Tyler case the patent defendant's salesman also represented another corporation which is not the fact in the case at bar. But this is a distinction, not a difference, since it is what the salesman does that is determinative, not whether he may do the same thing for someone else.

We have no choice but to follow the Tyler Co. case. If a more liberal meaning ought to be given to the phrase "a regular and established place of business" in the patent venue statute it is for the Supreme Court to do so, not for us. See also Endrezze v. Dorr Co., 9 Cir., 1938, 97 F.2d 46, 47.

■ We turn now to the court's judgment insofar as it dismissed the plaintiff's claim for unfair competition.

The ground stated by the court for its action on this aspect of the plaintiff's complaint, i. e., failure to allege an adequate amount in controversy, is open to question. Counsel for the plaintiff at the hearing on the motion to dismiss hinted at the possibility of amending his complaint to allege an adequate amount in controversy, counsel for defendant said he would not object and the court indicated that it would certainly allow amendment "if that is the only obstacle". Apparently, therefore, the reason the court took no action on the subsequent written motion to amend was that in its view allowance of the motion would not make any difference in its decision to dismiss the complaint for unfair competition. We think the court's decision was correct regardless of the reason given in its memorandum opinion.

■ Ordinarily an amendment to cure a defective jurisdictional allegation would be permitted. And if plaintiff's offered amendment were allowed the court would appear to have jurisdiction over its claim for unfair competition on the ground of the diversity of citizenship of the parties and the amount in controversy between them. But it does not follow as a matter of course that the court would have to exercise its jurisdiction, for as the Court in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 504, 67 S.Ct. 839, 841, 91 L.Ed. 1055 said: "This court, in one form of words or another, has repeatedly recognized the existence of the power to decline jurisdiction in exceptional circumstances." This case presents such circumstances.

The causes of action for patent infringement and for unfair competition, although separate, are so allied because of the similarity of the facts involved in each that when joined jurisdiction over the latter is conferred by jurisdiction over the former under the doctrine of Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, now embodied in Title 28 U.S.C. § 1338(b) quoted in the margin.[2] Obviously there is a twofold reason for this. One is the convenience of the parties and the other the efficient and economical functioning of the courts. Two trials where one would do would serve no useful purpose but would only result in duplication of judicial time, effort and expense and cause needless inconvenience and expense to the parties, to witnesses and to counsel. There is thus every reason why General's cause of action for unfair competition asserted by counterclaim in Superior's suit against it for a declaratory judgment in New Jersey should be tried in New Jersey and no reason why it should remain as a separate case in Massachusetts.

Judgment will be entered affirming the judgment and order of the District Court.

2. "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright patent or trade-mark laws."