**AMERICAN CYANAMID COMPANY, Appellant,**

v.

**NOPCO CHEMICAL COMPANY and Quality Feeds, Inc., Appellees.**

No. 11435.

United States Court of Appeals Fourth Circuit.

Argued Dec. 8, 1967.

Decided Jan. 11, 1968.

3. Van De Bogart v. United States, 5 Cir. 1962, 305 F.2d 583, 588.

W. Brown Morton, Jr., New York City, and Leigh B. Middleditch, Jr., Charlottesville, Va. (McLean, Morton & Boustead, New York City, and McGuire, Woods & Battle, Richmond, Va., on brief), for appellant.

Jerome G. Lee, New York City, (George B. Finnegan, Jr., John D. Foley, David H. Pfeffer, Morgan, Finnegan, Durham & Pine, New York City, John T. Camblos, and Belt, Camblos & Pickford, Charlottesville, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

CRAVEN, Circuit Judge:

The sole question in this appeal is whether, within the meaning of 28 U.S. C.A. § 1400(b), NOPCO Chemical Company has a "regular and established place of business" in the Western District of Virginia [1] where American Cyanamid has brought suit against it for patent infringement.[2] It was determined by the district court that NOPCO has, within the district, no real or personal property, no storage, distribution or manufacturing facilities, and no bank account, address, or telephone listing. Nor do any of its salesmen live within the district. However, NOPCO's Regional Sales Manager, Clark Snook, does live within the district, and it is this fact upon which Cyanamid primarily relies.

Snook is a salaried employee who supervises NOPCO's selling in a ten-state area extending from New York to South Carolina. He is provided with an automobile, rented and insured by NOPCO, which he uses to carry out his job of supervising four road salesmen. In the basement of his home, Snook has set aside a corner for use as an office; this "office" contains a homemade desk and some shelves where he keeps brochures on NOPCO products, communications from the home office, and copies

---

1. The statute provides that an action for patent infringement may be brought in either the district "where the defendant resides," or the district "where the defendant has committed acts of infringement *and* has a regular and established place of business." Cyanamid has conceded that NOPCO is not a resident of Virginia and, because we hold on other grounds that venue is improper, there is no need here to consider whether an act of infringement has been committed within the district.

2. Quality Feeds, Inc., the co-defendant, has made no objection to venue and the suit against it is still pending in the district court.

of orders and invoices. At times he requires the services of a part-time secretary; he pays her wages and is later reimbursed by NOPCO. Salesmen visit this office infrequently, but none of his superiors has ever been in it. There is nothing on the outside of his home to indicate that NOPCO's business is conducted there or that a company representative is inside. The local phone book gives no reference to NOPCO and Snook's business card gives no local address or phone number. NOPCO owns no interest in the house and it contributes nothing to its maintenance; indeed, NOPCO did not even know that the office existed.

■ On such facts as these, it cannot be said that the office was NOPCO's. Thus, Cyanamid's argument can only be that it is sufficient under § 1400(b) that there exists within the district a physical location where an employee of the defendant carries on a part of his work. We refuse to so hold. The decision of the Supreme Court in Schnell v. Peter Echrich & Sons, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961), precludes our construing § 1400(b) so broadly. In Schnell it was said that the "language of this special statute is clear and specific. * * * [F]or us to enlarge upon the mandate of the Congress as to venue * * * would be an intrusion into the legislative field." Id. at 262–263, 81 S.Ct. at 560. The statute clearly requires that venue be laid where "the defendant * * * has a regular and established place of business," not where the defendant's employee owns a home in which he carries on some of the work that he does for the defendant. See Knapp-Monarch Co. v. Casco Prods. Corp., 342 F.2d 622, 625 (7th Cir. 1965); General Radio Co. v. Superior Elec. Co., 293 F.2d 949, 950–951 (1st Cir. 1961); Johnson & Johnson v. Picard, 282 F.2d 386, 388 (6th Cir. 1960).

Cyanamid also urges that even if venue does not exist under 28 U.S.C.A. § 1400 (b), there is venue under 28 U.S.C.A. § 1391(b) as amended in 1966 to include the phrase, "district * * * in which the claim arose." [3] The argument is the historical one that Congress has never enacted a venue provision for *special* federal question cases that is narrower than the venue provisions for federal question cases in general. Thus, Cyanamid points out that until 1887 the statute required the venue for federal question cases to be laid in the district of which the defendant was an inhabitant or in which he could be found; i. e., the district in which personal service could be effected upon him. Act of March 3, 1875, ch. 137, § 1, 18 Stat. 470. In that year, because it had been found that the statute was so broad as to be oppressive, the statute was amended to delete the provision for venue wherever the defendant could be found. But unfortunate draftsmanship added a provision in the same sentence for $2,000.00 jurisdictional amount. Act of March 3, 1887, ch. 373, § 1, 24 Stat. 552. In attempting to apply the new statute to patent cases, the Circuit Courts split as to whether it was necessary for patent litigation to be brought in the district of the defendant's residence and whether the jurisdictional amount was applicable. IV Robinson, The Law of Patents § 934 n. 3, at 118 (1890). Congress acted to resolve this division of authority in 1897 by enacting the first special venue statute for patent cases. The new act provided for venue "in the district of which the defendant is an inhabitant, or in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business." Act of March 3, 1897, ch. 395, § 1, 29 Stat. 695. Cyanamid, of course, argues that this language, substantially the same as that found presently in 28 U.S.C.A. § 1400(b), was intended to provide *broader* venue for patent litigation than was provided for federal question cases generally. Then, in 1963,

3. "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." Ibid., as amended by the Act of Nov. 2, 1966, Pub.L. 89–714, §§ 1, 2, 80 Stat. 1111.

Congress legislated a special venue provision for automobile torts: "the judicial district wherein the act or omission complained of occurred." 28 U.S.C.A. § 1391 (f). This sweeping provision so recommended itself to Congress that in 1966 it took one further step and provided that a civil action not founded solely on diversity may be brought, not only in the district where the defendant resides, but also in the judicial district "in which the claim arose, except as otherwise provided by law." 28 U.S.C.A. § 1391(b) (amended by the Act of Nov. 2, 1966, Pub.L. 89–714, §§ 1, 2, 80 Stat. 1111). It is urged that this amendment was intended to apply to all federal question cases; that the phrase, "except as otherwise provided by law," was intended to prevent a reading which would restrict, not expand, other venue provisions; and that, like the Act of 1897, it was intended to provide for broader venue in patent cases than that provided by 28 U.S.C.A. § 1400(b).

We think that Cyanamid's argument is interesting and not without merit, but it comes too late. It is now settled in this circuit that 28 U.S.C.A. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions." Dow Chemical Co. v. Metlon Corp., 281 F.2d 292, 294 (4th Cir. 1960). Even if we were inclined to change our rule, we are bound by Supreme Court decisions to the contrary. E. g., Schnell v. Peter Echrich & Sons, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961); Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Stonite Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942). Although these cases were all decided before the recent amendment to § 1391, it is apparent that they undercut Cyanamid's position,[4] and we feel that they preclude our giving the argument the serious consideration that it would otherwise deserve.

Affirmed.

---

4. "As is pointed out in the cases, Congress adopted the predecessor to § 1400(b) as a special venue statute in patent infringement actions to eliminate the 'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served. * * * The Act was designed 'to define the exact jurisdiction of the courts in these matters,' * * * and not to 'dovetail with the general [venue] provisions.' * * * As late as 1957 we have held § 1400(b) to be 'the sole and exclusive provision controlling venue in patent infringement actions.' " Schnell v. Peter Echrich & Sons, 365 U. S. at 262, 81 S.Ct. at 559.