Blanche McCARTHY

v.

**CANADIAN NATIONAL RAILWAYS.**

Civ. A. No. 69–1123–C.

United States District Court,
D. Massachusetts.

March 2, 1971.

Nathan Greenberg, Boston, Mass., Hiller B. Zobel, Hill & Barlow, Boston, Mass., for plaintiff.

Blair L. Perry, Hale & Dorr, David S. Mortensen, Boston, Mass., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action of tort for personal injury which came before this court upon defendant's motion to dismiss the action without prejudice on the basis of the doctrine of *forum non conveniens*. At the hearing, counsel for the parties were in virtual agreement as to the underlying facts. For purposes of this motion the following chronology is taken by the court as true, on the basis

of the affidavits of plaintiff Blanche McCarthy and Gordon E. Campbell, claims agent of defendant company.

Defendant, Canadian National Railways, is a Canadian corporation and an agent of the Canadian government, which operates as a common carrier by train and by passenger vessel. Plaintiff, whose maiden name was Blanche Penney, was, at the time of the alleged wrong, a resident of Corner Brook, Newfoundland, where she was employed as a waitress.

On December 27, 1968, the then Miss Penney was traveling, as a passenger, aboard the defendant's vessel WILLIAM CARSON, on a voyage from Port-aux-Basques, Newfoundland, to North Sydney, Nova Scotia. During the course of the voyage, an unusually large wave struck the WILLIAM CARSON, tore loose a shutter over a porthole in the cocktail lounge, and flooded a portion of the lounge with water. As a result, plaintiff, who was in the cocktail lounge at the time of the incident, suffered personal injuries. Thereafter, she received medical attention, principally from Dr. John Roat, of Rockland, Maine, in which town she resided for a portion of the year 1969. She was also treated after the accident by Dr. J. S. Graham, of Corner Brook, Newfoundland, and by Dr. Peter R. Nichols, of North Sydney, Nova Scotia, and at St. Elizabeth's Hospital in North Sydney.

On September 27, 1969, plaintiff married William McCarthy, shortly after which she moved to North Plainfield, New Jersey, where she has resided continuously to this date, and where she now has pending an application for permanent residence in the United States.

All the members of the crew and the officers of the WILLIAM CARSON reside in or near North Sydney, Nova Scotia, including the Master, First Officer, chief steward, ship's carpenter, bar steward, and the bar stewardess who attended plaintiff immediately after the accident. There is no allegation by plaintiff, in the complaint or elsewhere, to the effect that any witness having

knowledge of the accident or of plaintiff's treatment is to be found in Boston, or elsewhere in the district of Massachusetts.

That there is an adequate forum to hear this case in Canada appears from the fact that the Supreme Court of Newfoundland is a court of general trial jurisdiction located in St. John's, Newfoundland. It conducts sittings in the nature of circuit sessions at Corner Brook, Newfoundland.

At the hearing, counsel for plaintiff filed a motion (which was allowed) to amend the complaint by waiving claim for jury trial and asking that the case be treated on the admiralty side of the court. Counsel for plaintiff also stipulated at the hearing that he is prepared to go to Newfoundland or to Nova Scotia, at plaintiff's expense, in order to take the depositions of pertinent crew members on the liability issue.

■ The court has jurisdiction of this action since at the time it was filed the requisite diversity of citizenship existed and more than $10,000 is in issue between the parties. Granting the existence of diversity jurisdiction, the doctrine of *forum non conveniens* still may be applied in the appropriate case. General Radio Co. v. Superior Electric Co., 293 F.2d 949, 952 (1 Cir., 1961).

■ The Supreme Court has told us that when the issue of *forum non conveniens* is raised

"* * * the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." Koster v. Lumbermens Mutual Co. (1946), 330 U.S. 518, at 527, 67 S.Ct. 828, at 833, 91 L.Ed. 1067.

The doctrine of *forum non conveniens* is designed to avoid unfairness, vexatiousness, and oppressiveness of a trial away from defendant's home base. In *Koster*, the Supreme Court also indicated, at 524, 67 S.Ct. at 832:

"In any balancing of conveniences, a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the incon-

venience the defendant may have shown."

In the instant case, plaintiff has not sued in her home forum and both parties are strangers to this district.

The policy of the law clearly has been that the application of the doctrine of *forum non conveniens* should be the exception and not the rule. It should be utilized by district courts only in exceptional cases, in which the party seeking dismissal has made a clear showing that the case presents unusually extreme circumstances which make manifest the injustice of forcing that party to trial in a forum distant from its home or base of operations. The Belgenland, 114 U.S. 355, 367, 5 S.Ct. 860, 29 L.Ed. 152 (1885); Burt v. Isthmus Development Co., 218 F.2d 353 (5 Cir., 1955). Additionally, the defendant must show (and has done so in this case) that it is suable in a court of general jurisdiction in its home territory. Menendez Rodriguez v. Pan American Life Insurance Co. et al., 311 F.2d 429 (5 Cir., 1962).

In Gulf Oil Corp. v. Gilbert (1946), 330 U.S. 501, at 507, 67 S.Ct. 839, at 842, 91 L.Ed. 1055, the Supreme Court told us:

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."

and at 508, 67 S.Ct. at 843:

"Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts * * *"

"Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. * * * But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. * * * There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

Applying the foregoing tests to the facts of this case, and having in mind that the controversy is completely Canadian-oriented, that both parties were Canadian at the time of the accident, and, more importantly, that there is not a single witness, record or document located within the confines of this district, that all parties and witnesses are located hundreds of miles from this district, and that the law to be applied is law foreign to this court, I rule that this is the case where "exceptional circumstances" exist, and where "the balance is strongly in favor of the defendant." Gulf Oil Corp., *supra*, at 504, 508, 67 S. Ct. at 841, 843.

Defendant's motion to dismiss is allowed without prejudice.

Order accordingly.