**OMI INTERNATIONAL CORPORATION, Plaintiff,**

v.

**MacDERMID, INCORPORATED, Defendant.**

**Civ. No. C–85–1131–WS.**

United States District Court, M.D. North Carolina, Winston-Salem Division.

March 17, 1986.

---

Charles R. Rhodes, Greensboro, N.C., Don K. Harness, Birmingham, Mich., Richard P. Mueller, OMI Intern. Corp., Warren, Mich., for plaintiff.

Larry L. Coats, Raleigh, N.C., for defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This suit arises from an alleged inducement of patent infringement, in violation of 35 U.S.C. § 271(b). The Michigan-based Plaintiff, OMI International Corporation (hereinafter "OMI"), alleges that the court's jurisdiction is established under 28 U.S.C. § 1338, and that venue is established under 28 U.S.C. § 1400(b). MacDermid, Incorporated (hereinafter "MacDermid"), a Connecticut-based corporation, has filed a motion to dismiss for improper venue, or alternatively to transfer pursuant to 28 U.S.C. § 1404(a). Presently before the court are Defendant's motion, brief, and supporting documents, Plaintiff's brief and response, and Defendant's reply. After careful consideration of these pleadings and of the courts' application of 28 U.S.C. § 1400(b), the court denies Defendant's motion to dismiss Plaintiff's complaint for improper venue, and grants Defendant's motion to transfer this action to the District of Connecticut.

## FACTUAL BACKGROUND [1]

Plaintiff has established a patent claiming both the composition and the process, using a chemical bath solution, for electro depositing a nickel-iron alloy on a conductive substrate. Defendant MacDermid has allegedly induced and contributed to infringement of this patent by selling certain compounds and chemicals to its customers and providing them instruction and assistance in duplicating OMI's patented process. One of these customers was Proctor-Silex, a company based in Mt. Airy, North Carolina, with whom MacDermid dealt until March 1985. MacDermid products are also sold in North Carolina by an independent distributor, W.A. Reynolds Co., a Pennsylvania corporation that places its purchase orders from its Philadelphia office and directs payment to Defendant's Connecticut office. It is Defendant's uncontroverted assertion that it has not sold any of the disputed products to a North Carolina customer since March 1985, at which time it lost its Proctor-Silex business to *Plaintiff*, who filed the complaint in this action six months later, on October 3, 1985.

MacDermid's business contacts with North Carolina include three salesmen who work from their North Carolina residences; a salesman resident of Virginia who solicits some business in North Carolina; and rented space in a public warehouse in this district in which it maintains an inventory of certain repeat or standing order products. This warehouse carries a yellow-pages telephone number listing. Defendant pays property taxes to North Carolina based upon this inventory, and it pays North Carolina income tax for North Carolina-generated income.

The inventory kept in this Guilford County, North Carolina, warehouse is released only upon orders sent to and authorized by MacDermid employees in Waterbury, Connecticut, where all final approval, paperwork, processing, and shipping or authorization for release of the products takes place. Defendant provides neither office space nor transportation to its North Carolina salesmen, and its name is neither displayed at their residences nor listed with their names in the telephone directory.

## DISCUSSION

### I. *Defendant's Motion to Dismiss for Improper Venue.*

The sole and exclusive provision controlling venue in patent infringement actions is 28 U.S.C. § 1400(b). *Fourco Glass Co. v. Transmirra Corp.*, 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786 (1957). *See also In re Cordis. Corp.*, 769 F.2d 733, 734 (Fed.Cir.1985); *American Cyanamid Company v. Nopco Chemical Company*, 388 F.2d 818, 821 (4th Cir.1968). The only possible exception to this Section 1400(b) preemption of the general venue statutes is 28 U.S.C. § 1391(d) which provides that an "alien may be sued in any district." This has been held to pertain to patent infringement complaints as well, but does not pertain to this case. *Brunette Machine Works Limited v. Kockum Industries, Inc.*, 406 U.S. 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972). Thus, this requirement of § 1400(b) venue is "specific and unambiguous, [and] it is not one of those vague principles which ... is to be given a 'liberal' construction." *Schnell v. Peter Eckrich and Sons, Inc.*, 365 U.S. 260, 264, 81 S.Ct. 557, 560, 5 L.Ed.2d 546 (1961) (quoting *Olberding v. Illinois Central R. Co.*, 346 U.S. 338, 340, 74 S.Ct. 83, 85, 98 L.Ed. 39 [1953]).

■ Under 28 U.S.C. § 1400(b) the Defendant must fall within one of two potential categories of forums. The first possible forum is where the Defendant resides, which has been held to be the place of its incorporation by decision law. 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* Jurisdiction § 3823 at 217, 219 (1986). The second place of proper venue is the forum where

---

**1.** The court's summary of the factual background is taken from the pleadings, affidavits, and briefs of the parties.

Defendant has *both:* committed the alleged acts of infringement and has "a regular and established place of business." For the purpose of this motion to dismiss or transfer, the Defendant concedes that at one time in this district it engaged in acts which OMI has construed as infringement upon its patent, either by inducement or contribution. Thus the issue before this court is confined to the question of whether MacDermid's contacts with this district are sufficient to amount to a "regular and established place of business."

The case law development of this issue encompasses a wide variety of opinions as to the type and extent of contacts that signify a regular and established place of business. Indeed, the courts have reached opposite conclusions in substantially similar cases. However, there are discernibly similar emphases on factors to be considered in making this decision.[2]

■ Whether or not they articulate it, most courts seem to agree as a general principle that more contacts are required under Section 1400(b) than under the "doing business" test of 28 U.S.C. § 1391(c). *See Knapp-Monarch Co. v. Casco Products Corp.,* 342 F.2d 622, 625 (7th Cir. 1965); *Phillips v. Baker,* 121 F.2d 752, 755–56 (9th Cir.), *cert. denied,* 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551 (1941); *Clearasite Headwear, Inc. v. Paramount Cap Mfg. Co.,* 204 F.Supp. 4, 6 (S.D.N.Y. 1962). As to the specific contacts considered by the Section 1400(b) venue opinions, this court agrees with the recent analysis by the New Jersey District Court that:

> [T]wo factors play a significant role in determining whether a defendant maintains a regular and established place of business.... First and most important-

ly, courts look to whether the defendant maintains, controls and pays for a permanent physical location from which sales are made within the district. [citations omitted]. Secondly, when a defendant owns or leases property in the district and employs sales representatives, courts look to whether these employees work exclusively for the defendant and whether they are authorized to consummate sales as opposed merely to solicit orders within the district. [citations omitted].

*Warner-Lambert Co. v. C.B. Fleet Co., Inc.,* 583 F.Supp. 519, 223 U.S.P.Q. 1053, 1056 (D.N.J.1984).

The Fourth Circuit's opinion in *American Cyanamid v. Nopco, supra,* has often been cited for the ruling that a regional salesman or sales manager is not the equivalent of a regular and established business when he maintains an office in his residence without financial assistance for that purpose from the defendant employer, and without a sign or telephone listing indicating that he is a representative of the defendant. *See Warner-Lambert Co. v. C.B. Fleet Co., Inc.,* 583 F.Supp. at 523, 223 U.S.P.Q. at 1056. A Seventh Circuit opinion cited by *American Cyanamid* holds that the Section 1400(b) requirements are not met when: the defendant had a sales representative who solicited sales in the area and maintained an office for which the defendant did not pay, but which listed the defendant's name on the building directory; the defendant maintained a bank account in the district and listed its name in the classified telephone directory; and the defendant participated in its semi-annual housewares show. In another case these facts might well have been considered sufficient for Section 1400(b) venue. However, the actu-

---

**2.** Under 28 U.S.C. § 1295(a)(1), the Federal Circuit Court of Appeals has exclusive jurisdiction over the review of federal district court final decisions when district court jurisdiction was based in whole or part on the patent provisions of 28 U.S.C. § 1338. *Cable Elec. Products, Inc. v. Genmark, Inc.,* 770 F.2d 1015, 1032 (Fed.Cir. 1985). This being a recent development, the Federal Circuit has not generated case law that speaks to the question of sufficient business contacts under Section 1400(b), with one 1985

exception, at least that this court has found. *In re Cordis Corp.,* 769 F.2d 733 (Fed.Cir.1985). Thus, it remains instructive to review the opinions from other circuits' appellate courts and district courts. The Federal Circuit itself looks to the law of the relevant circuit when reviewing certain non-patent issues or procedural matters that are not unique to patent law. *Cable Elec. Products v. Genmark,* 770 F.2d at 1032. *See also Panduit Corp. v. Allstates Plastic Mfg. Co.,* 744 F.2d 1564, 1574 (Fed.Cir.1984).

al activities of that sales representative were also significant to the court, in that the employee had sold very few items and had terminated his relationship with the defendant shortly before the complaint was filed. *Knapp-Monarch Co. v. Casco Products,* 342 F.2d 622 (7th Cir.1965).

*American Cyanamid* also relies upon a First Circuit case in which the defendant maintained a sales office, a listing on the building directory, and listings in both the local telephone directory and the yellow pages, yet the court held that the defendant did not maintain a regular and established place of business. *General Radio Co. v. Superior Electric Co.,* 293 F.2d 949 (1st Cir.1961). The opinion follows an early Supreme Court case which discusses the preceding "1897 Act" in which the determinative factor is that the local salesman's only duty was to solicit orders and forward them, without consummating the sales himself. *Id.* at 951 (quoting *W.S. Tyler Co. v. Ludlow Saylor Wire Co.,* 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 [1915]).

Seventy years later the activities of a defendant's salesmen still seem to be the determinative factor in these venue questions. Nothing else appearing, the court would be inclined to grant Defendant's motion to dismiss for improper venue. However, the Federal Circuit recently denied a petition for a writ of mandamus seeking to require a Minnesota district court to dismiss an action for improper venue. In that case the defendant maintained no bank account and neither owned nor leased an office, house, or property within the district. Its representatives maintained offices in their homes and the defendant's name was used by their answering service, under which number it was listed in the telephone directory. The factors that appear to be most significant to the Federal Circuit are the nature of the defendant's business and of its employees' activities. Both sales representatives kept a significant amount of the disputed products on hand, and could directly provide the product to their customers. Additionally, both acted as technical consultants as well as salesmen. Thus it appears that the most recent thinking of the Federal Circuit in

determining whether a corporate defendant has a regular and established place of business in a district is to determine whether the defendant does its business there through a permanent and continuous presence, not whether it has a fixed physical office in the district. *In re Cordis Corp.,* 769 F.2d at 735.

■ Using this analysis, the court believes that MacDermid has a regular and established place of business within the meaning of 28 U.S.C. § 1400(b). The Defendant has three employee salesmen in North Carolina and one Virginia resident salesman who solicits some North Carolina business. MacDermid also maintains a warehouse of inventory in this district as well as a telephone listing for the warehouse. The *absence* of such a warehouse is frequently mentioned as a factor contributing to the courts' decisions to dismiss for improper venue in these cases. *See, e.g., American Cyanamid v. Nopco,* 388 F.2d at 819.

II. *Defendant's Motion to Transfer under Section 1404(a).*

■ In determining whether to grant a motion for transfer, the court must be guided by the language of 28 U.S.C. § 1404(a), which reads "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." This court's initial concern is whether the District of Connecticut is one where this action "might have been brought." Clearly, the Defendant might have been sued in Connecticut under 28 U.S.C. § 1400(b), the forum where MacDermid is incorporated and where it resides. *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* Jurisdiction § 3823 at 217, 219 (1986). Thus, the question becomes whether transfer is appropriate under 28 U.S.C. § 1404(a).

This statute allows the court to grant transfers upon a lesser showing of inconvenience than does the old doctrine of *forum non conveniens. Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). Although the Plain-

tiff's choice of forum is to be considered, the court is given broader discretion in weighing the relevant factors. *Norwood v. Kirkpatrick*, 349 U.S. at 32, 75 S.Ct. at 546. *See also Wright v. Jackson*, 505 F.2d 1229, 1231 (4th Cir.1974). These factors should be compelling ones if the transfer would merely shift the inconvenience of litigation from one party to the other, depriving the plaintiff of his choice of forum. *Ellicott Machine Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 (4th Cir. 1974).

■ The documents before this court demonstrate that not only are there compelling factors for transfer, but such transfer would be *more* than a mere shift in inconvenience from MacDermid to OMI. Connecticut would appear to be no less convenient to the Plaintiff Michigan corporation than is North Carolina, since OMI has offered no explanation as to why it cannot obtain the testimony of its *own* North Carolina customer, Proctor-Silex, who was the alleged primary infringer of this patent, but who is not party to the suit. Further, it would appear that much, if not all of this evidence, could be documentary in form. *See Oxy Metal Industries Corp. v. Quin-Tec, Inc.*, 216 U.S.P.Q. 318 (E.D. Mich.1982). For these reasons the court finds that this district is not a significantly more convenient forum for the Plaintiff than is Connecticut. Indeed, Connecticut, which is undeniably the more convenient forum for MacDermid, may also be the more convenient forum for OMI. All of the Defendant's employee witnesses and documents which would relate to this alleged patent infringement are located in Connecticut. Having only narrowly found proper venue in this district, the court is convinced that it is in the interest of justice that this action be transferred to the District of Connecticut.

An order in accordance with this memorandum opinion shall be filed contemporaneously herewith.

### ORDER

For the reasons set forth in a memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendant's motion for dismissal is hereby DENIED, and Defendant's motion for transfer of venue under 28 U.S.C. § 1404(a) is hereby GRANTED;

IT IS FURTHER ORDERED that the Clerk of this Court shall forthwith TRANSFER the record in this case to Kevin F. Rowe, Clerk of the United States District Court for the District of Connecticut.