SCHOLZ RESEARCH AND
DEVELOPMENT, INC.,
Plaintiff,

v.

Bernard KURZKE and MS Music
Service GmbH, Defendant.

No. 89 C 4813.

United States District Court,
N.D. Illinois, E.D.

Sept. 27, 1989.

Clarence J. Fleming, Mary Spalding
Burns, Jones, Day, Reavis & Pogue, Chicago, Ill., for plaintiff.

Robert S. Beiser, Robert Beiser & Associates, Lawrence R. Pilon, Hodes & Pilon, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is defendant's motion to dismiss for lack of personal jurisdiction, pursuant to F.R.Civ.P. 12(b)(2). For the following reasons, the court denies the motion and *sua sponte* transfers this action to the United States District Court for the District of New Jersey.

## FACTS

The action before the court involves allegations of patent infringement. The plaintiff, Scholz Research and Development, Inc., ("Scholz Research") is a corporation formed by Tom Scholz, founder of the rock group "Boston". Scholz Research holds three patents relating to a device marketed under the trademark "Rockman". The Rockman is an audio signal processor originally used to enhance the output signal of electric guitars. The device eliminated the need for cumbersome sound systems and large amplifiers when practicing and recording.

Defendant Bernard Kurzke is the principal owner of defendant MS Music Service GmbH, a corporation with its principal place of business in Hamburg, West Germany. Kurzke arranged for the manufacture of an audio signal processing device named "Sound Studio I" by a Taiwanese amplifier manufacturer. Kurzke entered into an agreement with Latin Percussion, Inc., a New Jersey corporation, to distribute the Sound Studio I in the United States. Plaintiff's patent infringement suit alleges that the circuitry of the Sound Studio I is an exact copy of the patented circuitry of the Rockman.

The hub of the present motion involves the actions of defendant Kurzke at the 1989 NAMM Trade Show held in Chicago. Plaintiff claims that defendants demon-

strated the Sound Studio I at the show, passed out literature featuring the Sound Studio I and that a distribution agreement was reached in Chicago. Defendant denies all of these allegations. However, both parties agree that defendant Kurzke was personally served with process while attending the trade show. Plaintiff contends Kurzke was served both personally and as president of MS Music.

## DISCUSSION

Defendant claims that this court lacks jurisdiction over Kurzke and MS Music because they lack minimum contacts with Illinois, neither satisfying the Illinois Long Arm statute or due process requirements. Plaintiff contends jurisdiction is conferred due to the service of process within Illinois and that defendants have sufficient contact with Illinois to satisfy both the Long Arm Statute and due process. As will be explained, this court finds that service while in the jurisdiction of the court is sufficient to confer jurisdiction. Therefore, the court need not decide whether defendants have minimum contacts with Illinois [1].

The practice of transient service, or "tagging" (serving a defendant while present in the forum state), is one of the most criticized practices in American law. 4 Wright & Miller, *Federal Practice and Procedure*, sec. 1064, note 15 (1987). Since the Supreme Court's decisions in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), many commentators and some courts have considered the transient service rule to be dead.[2] However, a close reading of these cases, as well as recent federal and state court cases, shows that transient service is still widely accepted, even in light of the Supreme Court's decisions. 4 Wright & Miller, *Federal Practice and Procedure*, sec. 1073 (1987).

The power of the state to exercise jurisdiction over persons present within its boundaries is an ancient one. The Supreme Court explained the historical underpinnings of this power in *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1878):

> The several states of the Union are not, it is true, in every respect independent, many of the rights and powers which originally belonged to them being now vested in the government created by the Constitution. But, except as restrained and limited by that instrument, they possess and exercise the authority of independent states, and the principles of public law to which we have referred are applicable to them. One of these principles is that every state possesses exclusive jurisdiction and sovereignty over persons and property within its territory. As a consequence, every state has the power to determine for itself the civil status and capacities of its inhabitants[.]

*Pennoyer,* 95 U.S. at 722.

Thus, it is clear that service of process while within a certain state has long been a valid source of jurisdiction.

The Supreme Court's decision in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) has not eliminated this. *International Shoe* involved jurisdiction over an out of state corporation by service of process upon an agent present within the state. *International Shoe,* 326 U.S. at 312, 66 S.Ct. at 156. The Supreme Court held that a state could only impose *in personam* jurisdiction on out of state defendants who had minimum contacts with that forum, saying:

> [D]ue process requires only that in order to subject a defendant to a judgment *in personam, if he be not present within the territory of the forum,* he have certain minimum contacts with it such that the maintenance of the suit does not of-

1. Although not ruling on the issue, upon the evidence supplied, the court seriously doubts that minimum contacts with Illinois exist.

2. *See,* Brilmayer, *A General Look at General Jurisdiction,* 66 Tex.L.Rev. 723 (1988); Stewart,

*Forum Non Conveniens: A Doctrine in Search of a Role,* 74 Calif.L.Rev. 1259, 1274 (1986); Bernstein, *Shaffer v. Heitner: A Death Warrant for the Transient Rule of In Personam Jurisdiction,* 25 Vill.L.Rev. 38 (1979).

fend "traditional notions of fair play and substantial justice."

Id. at 316, 66 S.Ct. at 158 (Emphasis added).

The Court in *International Shoe*, by virtue of the careful phrasing used, left open the question of whether the minimum contacts test eliminated jurisdiction conferred by transient service.

Defendant contends that transient service is no longer valid in light of *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). *Shaffer* involved *in rem* jurisdiction over property in the forum state, rather than in-hand service. *Shaffer*, 433 U.S. at 196, 97 S.Ct. at 2575. Although the *Shaffer* Court stated that the minimum contacts test was to be applied to all assertions of state court jurisdiction, *Id.* at 212, 97 S.Ct. at 2584, there is evidence that the court did not intend this to apply to transient service. For example, Justice Stevens, in his concurring opinion, writes:

> If I visit another state, or acquire real estate or open a bank account in it, I knowingly assume some risk that the state will exercise its power over my property or my person while there ... I would ... not read [the decision] as invalidating other long-accepted methods of acquiring jurisdiction over persons with adequate notice of both the particular controversy and the fact that their local activities might subject them to suit.

Id. at 218, 97 S.Ct. at 2587.

Therefore, it cannot be said, as the defendant suggests, that *Shaffer* has eliminated the vitality of transient service as a method of acquiring jurisdiction over a person.

This view has been supported by many courts. The defendant points out that the Northern District of Illinois has held transient service ineffective to confer jurisdiction. *Pitman v. Typecraft Software, Ltd.*, 626 F.Supp. 305 (N.D.Ill.1986). In *Pitman*, the court held that mere service of a defendant does not confer jurisdiction. *Pitman*,

626 F.Supp. at 312. However, the *Pitman* court relied heavily on *Amusement Equipment, Inc. v. Mordelt*, 595 F.Supp. 125 (E.D.La.1984) in reaching its decision on the viability of transient service. *Pitman*, 626 F.Supp. at 312–13. That opinion has been reversed by the Third Circuit in *Amusement Equipment, Inc. v. Mordelt*, 779 F.2d 264 (5th Cir.1985).

The facts in *Mordelt* are similar to those in the present case. The plaintiff ordered a mechanical display elephant and four remote control cars from the defendant. The plaintiff conditioned payment for the goods on delivery to Miami from West Germany by November 12, 1983, in time for display at a trade show in New Orleans. The shipment was delayed at the airport in London and did not arrive in time. The plaintiff demanded refund of the purchase price and was refused. The defendant then attended the trade show, on November 20, 1983. He was served with process there on November 21, 1983, on behalf of himself and his corporation. *Mordelt*, 779 F.2d at 265–66.

The circuit court in *Mordelt* held transient service to be a proper method of obtaining jurisdiction over a person. *Mordelt*, 779 F.2d at 271. The court relied upon the same portions of *International Shoe* and *Shaffer* discussed above in concluding that neither case has sounded the death knell of the transient service rule. *Id.* at 268–69. Moreover, the court reviewed the transient service rule in light of *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), and held that, even if a minimum contacts standard were to apply to transient service, when a defendant is present within the forum state, notice of the suit through proper service is all the due process to which he is due[3]. *Mordelt*, 779 F.2d at 270.

It is clear that the status of the transient service rule is in a state of confusion. Some courts have held the rule no longer

---

[3]. It is important to note that such an exercise of jurisdiction does not leave a defendant without a remedy. Although jurisdiction may be found, a defendant always has the remedies of *forum*

*non conveniens* and transfer of venue under 28 U.S.C. 1404(a) at his disposal. *Mordelt*, 779 F.2d at 271.

valid.[4] However, other courts have held that the rule still applies.[5] Without a clear and binding decision by a higher court, this court hesitates to abandon a long recognized method of obtaining jurisdiction on the basis of obituaries prematurely published by the commentators.

It is important to note, however, that the transient service rule would only apply to persons actually present in the forum. Therefore, service could not be had on a *corporation* by transient service. To allow this would fly in the face of *International Shoe*. In that case, service was had within the state on an agent of the corporation which was not doing business in that state. *International Shoe*, 326 U.S. at 312, 66 S.Ct. at 156. In holding that service upon the agent was insufficient to confer jurisdiction upon the corporation, the Court stated:

> Since the corporate personality is a fiction, although a fiction intended to be acted upon as though it were fact ... it is clear that unlike an individual its "presence" without, as well as within, the state of its origin can be manifested only by activities carried on on its behalf by those who are authorized to act for it ... For the terms "present" or "presence" are used merely to symbolize those activities of the corporation's agent within the state which courts will deem to be sufficient to satisfy the requirements of due process ... Those demands may be met by such contacts of the corporation with the state of the forum as to make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there.

*Id.* at 316–17, 66 S.Ct. at 158–59.

Thus, the Court draws a distinction between the presence of an individual in the state and the presence of a corporation in the state for the purpose of jurisdiction. A natural individual can manifest his "presence" in a state by merely being found within a state's boundaries. A corporation, which is neither incorporated within the state or has its principal place of business within the state, can only manifest its "presence" through its agents, and therefore jurisdiction cannot be conferred without meeting the minimum contacts test. Consequently, transient service upon an agent or officer of a corporation is not sufficient to confer jurisdiction.[6] Accordingly, jurisdiction is proper as to Bernard Kurzke but is improper as to MS Music Service GmbH.[7]

■ However, the court, *sua sponte*, raises the issue of *forum non conveniens* in this case. The only contact that Kurzke has with Illinois is his attendance at two trade shows in Chicago, allegations of display of the Sound Studio I at the shows and discussions concerning marketing of the product, all of which is controverted by the defendant. Plaintiff's response points out that defendant has shown no more appropriate forum than the Northern District of Illinois. Plaintiff's Response, p. 11. Defendant, in his reply, points out that all contacts relative to the Sound Studio I occurred in New Jersey. Defendant's Reply, p. 15. Apparently, all correspondence, witnesses and proof relative to infringement would most likely be found with Latin Percussion, Inc., the distributor of the Sound Studio I. Therefore, in the interest of justice and judicial economy, the court transfers this action to the United States Dis-

4. *See, Nehemiah v. Athletics Congress of USA*, 765 F.2d 42 (3d Cir.1985); *Pitman v. Typecraft Software, Ltd.*, 626 F.Supp. 305 (N.D.Ill.1986).

5. *Ruggieri v. General Well Service, Inc.*, 535 F.Supp. 525 (D.C.Colo.1982); *Humphrey v. Langford*, 246 Ga. 732, 273 S.E.2d 22 (1980); *Oxman's Erwin Meat Co. v. Blacketer*, 86 Wis.2d 683, 273 N.W.2d 285 (1979).

6. *See,* 4 Wright & Miller, *Federal Practice and Procedure*, sec. 1067, pgs. 251–53 (1987).

7. Defendant's argument that Kurzke is protected by the fiduciary shield doctrine do not apply here. The suit is against both Kurzke and MS Music. Plaintiff's Complaint, p. 1. Kurzke subjected himself personally to the jurisdiction of the court when he entered Illinois. The rational underlying transient service does not appear to contemplate the purpose for which the defendant is present in the jurisdiction. *See, Amusement Equipment, Inc. v. Mordelt*, 779 F.2d 264 (5th Cir.1985) (jurisdiction found as to general manager but not as to corporation).

trict Court for the District of New Jersey. *See, Opert v. Schmid*, 535 F.Supp. 591 (S.D.N.Y.1982) (finding jurisdiction based on transient presence but dismissing for *forum non conveniens*).

IT IS SO ORDERED