**HABITAT WALLPAPER AND BLINDS, INC., Plaintiff,**

v.

**K.T. SCOTT LIMITED PARTNERSHIP, K.T. Scott Ltd., Stephen C. Wener, and Malcolm L. Sherman, Defendants.**

Civ. No. 92–CV–5771.

United States District Court, N.D. Illinois, E.D.

Dec. 1, 1992.

---

John Louis Alex, Daniel Robert Pastirik, Lockwood, Alex, Fitzgibbon & Cummings, Chicago, IL, for plaintiff.

Christopher A. Kreid, Gorham, Metge, Bowman & Hourigan, Chicago, IL, H. Joseph Hameline, Rosemary M. Allen, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, MA, for defendants.

## ORDER

NORGLE, District Judge.

Before the court is defendants' motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, to transfer. For the following reasons, defendants' motion to dismiss is denied and the motion to transfer is granted.

## BACKGROUND

Plaintiff, Habitat Wallpaper and Blinds, Inc. ("Habitat"), is a Michigan corporation that owns and operates home fashion retail outlets throughout Illinois. Defendant K.T. Scott Limited Partnership ("K.T. Scott") is involved in the retail sale of home decorating goods and services in Massachusetts. Habitat claims that K.T. Scott offers goods and services identical to those offered by Habitat in retail outlets having the same distinctive decorative and architectural themes as those found in Habitat's outlets. Furthermore, Habitat alleges that K.T. Scott promoted its goods and services with a brochure that incorporated many features copied directly from Habitat's brochure. Based on defendant K.T. Scott's decoration of its stores and the design and content of its brochures, Habitat has asserted claims against the defendants under federal trademark laws and state laws [1] for alleged trademark and trade dress infringement and unfair business practice.

## DISCUSSION

The defendants have filed a motion to dismiss the present cause of action for lack of personal jurisdiction over any of the defendants. As plaintiff, Habitat bears the burden of proving sufficient facts to establish personal jurisdiction. *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979); *United States Ry. Equip. Co. v. Port Huron & Detroit R.R. Co.*, 495 F.2d 1127, 1128 (7th Cir.1974). The jurisdictional allegations in the complaint are taken as true, unless controverted by defendants' affidavits, and any conflicts between affidavits are normally resolved in the plaintiff's favor. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir.1987).

Unless authorized by a federal statute or a federal rule of civil procedure, this court has personal jurisdiction over non-resident defendants only if an Illinois court would have jurisdiction over such defendants. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir.1990). To conclude that Illinois has personal jurisdiction, the court must affirmatively answer the following questions: (1) do the facts as alleged bring the defendants within the reach of Illinois' long-arm statute, and (2) is the court's exercise of personal jurisdiction over the defendants consonant with due process?

The Illinois long-arm statute provides in relevant part:

(a) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

· · · · ·

(2) The commission of a tortious act within this state[.]

---

1. Although Habitat has alleged violations of Illinois state law, the court does not address in this opinion whether the laws of Illinois govern Habitat's state law claims.

Ill.Rev.Stat. ch. 110, para. 2–209(a). Infringement of intellectual property rights sounds in tort. *Leo Feist, Inc. v. Young,* 138 F.2d 972, 975 (7th Cir.1943); *Burwood Prods. Co. v. Marsel Mirror & Glass Prods., Inc.,* 468 F.Supp. 1215, 1218 (N.D.Ill.1979); *see also Video Views, Inc. v. Studio 21, Ltd.,* 925 F.2d 1010, 1013 (7th Cir.) (dictum), *cert. denied,* — U.S. —, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991). In tort law, a key operative factor for determining the locus of the tort is the place where the plaintiff sustained its injury. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Asahi Metal Ind. Co. v. Superior Court of Cal.,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 176 N.E.2d 761 (1961). As another court in this district has observed, "[d]amage to intellectual property rights ... by definition takes place where the [property] *owner* suffers the damage." *Acrison, Inc. v. Control & Metering, Ltd.,* 730 F.Supp. 1445, 1448 (N.D.Ill.1990) (Shadur, J.) (emphasis in original) (court did not have personal jurisdiction over a non-resident defendant because the plaintiff, a non-Illinois corporation, did not transact business in Illinois and the tort thus occurred outside of Illinois).

■ Habitat is a Michigan corporation that operates several stores in this district; as such, Habitat will suffer injury in Illinois for any infringement of Habitat's intellectual property rights. Furthermore, Habitat has claimed that the defendants obtained Habitat's allegedly protected property by visiting its Illinois outlets and "spiriting" such property away.[2] Habitat has properly stated a claim for intellectual property infringement against the defendants, and since such infringement is considered a tort, the defendants fall within the ambit of § 2–209(a)(2)..

The demands of due process are met when there are "minimum contacts" between the forum and the defendants so that "maintenance of the suit [in such forum] does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Due process is satisfied when "[a] defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Habitat's asserted cause of action against the defendants arises out of their tortious conduct in violating Habitat's intellectual property rights. The defendants allegedly copied Habitat's intellectual property in Illinois, and allegedly having obtained such protected property of a company transacting business in Illinois, the defendants would be aware that any infringement upon Habitat's intellectual property would register an injury in Illinois. As such, the defendants cannot be heard to complain that they could not reasonably anticipate being haled into an Illinois court to defend against a complaint by Habitat for intellectual property infringement. Consequently, the conduct that forms the basis of Habitat's complaint provides the necessary "minimum contacts" with Illinois. *See Rose v. Franchetti,* 979 F.2d 81 (7th Cir.1992) (defendant's knowledge of customer's residence in Illinois, knowledge that item sold would be delivered to Illinois, and knowledge that injury would be felt in Illinois satisfied Due Process Clause of the Constitution). Accordingly, this court has personal jurisdiction over the defendants,

---

2. Under Illinois law, economic loss to an Illinois plaintiff as a result of a defendant's tortious acts, all of which occurred outside of Illinois, is not enough to bring a defendant within the scope of § 2–209(a)(2). *R.W. Sawant & Co. v. Allied Programs, Corp.,* 111 Ill.2d 304, 95 Ill.Dec. 496, 489 N.E.2d 1360 (1986). In the present case, Habitat not only claims that it has been injured in Illinois but also that the defendants engaged in tortious activities in Illinois.

Although the defendants' allegedly tortious conduct in Illinois was arguably minimal, Illinois courts have held that the commission of a single tortious act in Illinois brings a defendant within the scope of § 2–209(a)(2), even if the defendant has no other contact with Illinois. *Mergenthaler Linotype Co. v. Leonard Storch Enters., Inc.,* 66 Ill.App.3d 789, 23 Ill.Dec. 352, 383 N.E.2d 1379 (1978).

and defendants motion under Fed.R.Civ.P. 12(b)(2) is denied.

■■■■ As an alternative to their motion to dismiss for lack of personal jurisdiction, the defendants have filed a motion to transfer this case to the District of Massachusetts. Transfer is appropriate under 28 U.S.C. § 1404(a) where the moving party demonstrates (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer is for the convenience of parties and witnesses and in the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n. 3 (7th Cir. 1986); *Central States, Southeast & Southwest Areas Pension Fund v. Brown*, 587 F.Supp. 1067, 1069 (N.D.Ill.1984). Though § 1404(a) is derived from the common law doctrine of *forum non conveniens*, the moving party under § 1404(a) has a lesser burden of showing inconvenience than is required under the common law doctrine. *See Northern Ind. Public Serv. Co. v. Envirotech Corp.*, 566 F.Supp. 362, 364 (N.D.Ind.1983). Moreover, because § 1404(a) does not specify the weight to be accorded each factor, it is left to the discretion of the court. *See Coffey*, 796 F.2d at 219; *see generally* 15 C. Wright & A. Miller, *Federal Practice* §§ 3844–47 (1986).

■■■■ Habitat has allegedly suffered injury in this district, and the defendants have allegedly committed acts in this district that lead to the claimed infringement of Habitat's intellectual property. Therefore, this court has proper venue under 28 U.S.C. § 1391(b) (venue is proper in a judicial district in which a substantial part of the events giving rise to the claim occurred). Because all defendants reside in Massachusetts, venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) (venue is proper in a judicial district in which any defendant resides, if all defendants reside in the same state) and § 1400(a) (venue proper in copyright suit where defendant resides or can be found). Accordingly, the court has the power to transfer the instant case under 28 U.S.C. § 1404(a).

■■■■ Once it has been determined that the court has the power to transfer an action under § 1404(a), both the private interests of the parties and the public interest of the court must be considered in evaluating the convenience and fairness of transfer. Private interests include (1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof in each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, and (4) convenience to the parties—specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *See generally G.H. Miller & Co. v. Hanes*, 566 F.Supp. 305, 307 (N.D.Ill.1983); *Blumenthal v. Management Assistance, Inc.*, 480 F.Supp. 470, 472–74 (N.D.Ill.1979); *Coats Co. v. Vulcan Equip. Co.*, 459 F.Supp. 654, 656–57 (N.D.Ill.1978); 15 C. Wright & A. Miller, *Federal Practice* §§ 3849–53 (1986). Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. *See Van Gelder v. Taylor*, 621 F.Supp. 613, 619 (N.D.Ill.1985).

Habitat's suit charges that the defendants infringed upon Habitat's intellectual property rights by reconstructing the interior of Habitat's outlets in the K.T. Scott stores and by copying Habitat's brochures and slogans. All of K.T. Scott's retail stores that are the subject of Habitat's claims are located in Massachusetts, and all of K.T. Scott's employees, as well as others who might have information relating to the case, are located in Massachusetts. Intellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's principal place of business is often the critical and controlling consideration. *Scholz Research & Dev., Inc. v. Kurzke*, 720 F.Supp. 710, 713 (N.D.Ill.1989) (*sua sponte* transfer in lieu of dismissal of patent infringement suit to district where "all correspondence, witnesses and proof relative to infringement would most likely be found"). *See OMI Int'l Corp. v. MacDermid, Inc.*, 648 F.Supp. 1012, 1017 (M.D.N.C.1986) (authorizing transfer to jur-

isdiction of allegedly infringing corporation because it was the location of employee witnesses and documents relating to the alleged infringement).

Virtually all the acts which would constitute the alleged infringement of Habitat's property took place in Massachusetts, specifically, the design and construction of K.T. Scott's stores and the production of K.T. Scott's promotional literature. Additionally, numerous third-party witnesses required by K.T. Scott for its defense, such as architects and designers, are located in the Boston area. Furthermore, the injunctive relief sought by Habitat, if granted, would require enforcement in Massachusetts. Transferring venue to Massachusetts in this case would afford convenience to the defendants, their witnesses, and the court, without causing undue burden to Habitat. Therefore, in the interest of justice and judicial economy, the court transfers this action to the United States District Court for the District of Massachusetts.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is denied, and the defendants' alternative motion to transfer to the United States District Court for the District of Massachusetts is granted.

IT IS SO ORDERED.