**COLLEGE CRAFT COMPANIES, LTD.
and College Craft Enterprises, Ltd.,
Plaintiffs,**

v.

**Edward Joseph PERRY, Defendant.**

No. 95 C 2917.

United States District Court,
N.D. Illinois,
Eastern Division.

June 8, 1995.

Patrick Christopher Keeley, Mark W. Tader, Thomas A. Jackson, Piccione, Keeley & Associates, Wheaton, IL, for plaintiffs College Craft Companies, Ltd., College Craft Enterprises, Ltd.

Bart Thomas Murphy, Gardner, Carton & Douglas, Chicago, IL, for defendants Edward Joseph Perry, Varsity Student Painters, Inc.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Defendant moves this Court to reconsider its May 22, 1995 ruling denying his motion to transfer this case to the District of Minnesota pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, the motion to reconsider is granted, and the motion to transfer is granted.

### Background

Plaintiffs, College Craft Companies, Ltd. and College Craft Enterprises, Ltd. (collectively, "College Craft"), are corporations which have their headquarters and primary offices in Wheaton, Illinois. Since 1960, College Craft has been engaged in the business of providing residential exterior painting services to customers in Illinois, Minnesota, Kansas, Missouri, Ohio, and Indiana. In May, 1987, College Craft hired defendant, Edward Joseph Perry ("Mr. Perry"), who was a college student at the University of Minnesota–Duluth at the time. Mr. Perry worked out of his Edina, Minnesota office, and his job responsibilities were confined exclusively to Minnesota until 1992. These responsibilities included the supervision and management of College Craft employees in Minnesota.

In January, 1992, College Craft promoted Mr. Perry from Minneapolis Regional Manager to Corporate Group President of Midwest Operations. In this capacity, Mr. Perry was responsible for supervising College Craft's activities in several areas, focusing on Minneapolis, Minnesota; St. Louis, Missouri; and Kansas City, Kansas. In connection with his employment at College Craft, Mr. Perry frequently visited Wheaton, Illinois to attend monthly corporate sales conferences, strategy sessions, and business-related social functions; to acquire training relating to College Craft's recruiting, hiring, marketing, advertising, and sales practices; to provide training to district managers and employees; and to obtain loans, guarantees, and title to painting equipment and trailers.

In November, 1994, Mr. Perry terminated his employment with College Craft. In January, 1995, Mr. Perry and Steven Melander, a former Vice President of Midwest Operations at College Craft, formed a competing painting business known as Varsity Student Painters, Inc. ("Varsity"). Varsity is a Minnesota corporation which conducts business exclusively in Minnesota. On May 10, 1995, College Craft brought this action against Mr. Perry and Varsity in the Circuit Court of DuPage County, Illinois, charging the defendants with breach of contract, breach of fiduciary duty, fraud, unfair compe-

tition, replevin, conversion, and violations of the Illinois Trade Secrets Act. On May 16, 1995, the defendants removed the action to federal court.[1]

On May 19, 1995, I denied College Craft's motion for a temporary restraining order. On the same day, the defendants brought an emergency motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer the case to the District of Minnesota pursuant to 28 U.S.C. § 1404(a). On May 22, 1995, I granted the motion to dismiss as to Varsity, denied the motion to dismiss as to Mr. Perry, and denied the motion to transfer. This ruling was based on the briefs and evidence before me as of May 22, 1995. Mr. Perry now moves for a reconsideration of this ruling on the ground that the emergency nature of the proceedings did not allow him to file more than a "bare bones" motion before my ruling. On May 23, 1995, Mr. Perry filed a memorandum of law in support of these motions. College Craft has been given an opportunity to respond to the arguments raised by Mr. Perry in his memorandum, and the motion is now fully briefed.

### Discussion

■ Mr. Perry seeks to transfer this action to the District of Minnesota pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Transfer is appropriate under Section 1404(a) where the moving party demonstrates that (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D.Ill. 1995) (citation omitted). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*

*v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986) (citations omitted).

In this case, the first two elements have been easily satisfied. First, as explained in my May 22, 1995 order, venue properly lies in this forum. Second, personal jurisdiction and venue also are proper in the District of Minnesota because Mr. Perry is a Minnesota resident. *See* 28 U.S.C. § 1391(a)(1). Accordingly, my inquiry must focus on the third element, *i.e.*, whether a transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.

### A. Considerations of Convenience

■ The party seeking a Section 1404(a) transfer bears the burden of showing that "the transferee forum is clearly more convenient" than the transferor forum. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir.1989) (citation omitted). In deciding whether to transfer a case pursuant to Section 1404(a), a court may consider several factors, including the plaintiff's choice of forum, the situs of material events, the convenience of the witnesses, and the convenience of the parties. *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Limited Partnership*, 807 F.Supp. 470, 474 (N.D.Ill.1992) (citations omitted).

#### 1. Plaintiff's Choice of Forum

■ A plaintiff's choice of forum is normally entitled to considerable weight under Section 1404(a), particularly where it is also the plaintiff's home forum. *Gallery House, Inc. v. Yi*, 587 F.Supp. 1036, 1040 (N.D.Ill. 1984) (citations omitted). Accordingly, the fact that College Craft brought this action in its home forum militates against transfer.

#### 2. Situs of Material Events

Most of the material events alleged in the complaint took place in the State of Minnesota. The complaint charges Mr. Perry with breach of a covenant not to compete, breach of fiduciary obligations, wrongful use of confidential information and trade secrets in competition with College Craft, and wrongful possession and use of painting equipment

---

**1.** Subject matter jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

and trailers belonging to College Craft. *See* Complaint, ¶¶ 13, 14, 21, 27, 74–76, 92, 93, 95, 256, 259, 279–282, 309. The allegations focus on Mr. Perry's activities in connection with Varsity, a Minnesota corporation which conducts business exclusively in Minnesota and directly competes with College Craft's Minnesota operations.

Mr. Perry, a lifelong resident of Minnesota, was hired by College Craft when he was a student at the University of Minnesota–Duluth. His job responsibilities with College Craft were confined solely to Minnesota until 1992. Mr. Perry signed the employment agreements in Minnesota. He allegedly breached his employment contract by using the trade secrets he acquired during his former employment to compete with College Craft in Minnesota. Mr. Perry has conducted some activities in the State of Illinois in connection with his employment at College Craft, and these activities may properly serve as a basis for the exercise of personal jurisdiction in an Illinois court. *See* May 22, 1995 Order. However, almost all of the material events at issue in this action occurred in Minnesota. Accordingly, this factor weighs in favor of transfer.

### 3. *Convenience of the Witnesses*

A party seeking transfer under Section 1404(a) should specify the key witnesses it intends to call and make a general statement of their expected testimony. *Heller Financial, Inc. v. Midwhey Powder Co., Inc., supra,* 883 F.2d at 1293 (citations omitted). In determining which venue is more convenient to witnesses,

> a court should not limit its investigation to a review of which party can produce the longer witness list. Rather, a court should look to the nature and quality of the witnesses' testimony with respect to the issues in the case.

*Vandeveld v. Christoph, supra,* 877 F.Supp. at 1168 (citations omitted); *see also Countryman v. Stein Roe & Farnham,* 681 F.Supp. 479, 483 (N.D.Ill.1987). A court should also focus on the convenience of potential *non-party* witnesses because "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily." *FUL Inc. v. Unified School District No. 204,* 839 F.Supp. 1307, 1311–12 (N.D.Ill.1993).

Mr. Perry states that he will seek the testimony of several witnesses for whom the District of Minnesota is more convenient than the Northern District of Illinois. These witnesses include: two Twin Cities area painters who will testify as to hiring, production and training methods, as well as Varsity's reputation in the Twin Cities area, to rebut the allegation that Mr. Perry could not operate a competing painting business in the Minnesota area without acquiring the training and trade secrets of College Craft; four individuals who helped develop Varsity's business plan to rebut the allegation that Varsity's business plan was derived from the trade secrets of College Craft; several Varsity seasonal college student painters who will testify as to the training received at Varsity to rebut the allegations of trade secret violations; several former College Craft employees who will testify as to trade secrets, pricing, hiring, and quality problems, training received and production methods used at College Craft, and whether they were paid by Mr. Perry during his employment at College Craft [2]; and several Varsity customers who will testify as to the manner in which they were solicited by Varsity and the process by which Varsity quoted the cost of the job. All of these individuals are Minnesota residents. More importantly, most of them are non-party witnesses who reside outside the subpoena power of this Court.

In its response memorandum, College Craft designates four individuals whom it intends to call at trial, but fails to indicate the general nature of their testimony. Three of these individuals are College Craft employees, *i.e.*, party witnesses within the plaintiffs' control who are likely to appear voluntarily regardless of where the case is tried. One of the three employees, Tom Wozniak, resides in Minnesota. The only designated non-party witness, Donald D. Boroian, resides in Illinois. On this record, the District

---

**2.** The complaint alleges that Mr. Perry failed to pay numerous College Craft employees during his final months at the company. *See* Complaint, ¶ 92.

of Minnesota certainly appears to be a more convenient forum for the majority of witnesses identified by the parties in this case.

### 4. *Convenience of the Parties*

"This factor involves the consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum." *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F.Supp. 1125, 1130–31 (N.D.Ill.1989). Mr. Perry is a lifelong resident of Minnesota. Mr. Perry has never lived or conducted any business in Illinois, except for the activities he performed in connection with his employment at College Craft. College Craft Companies, Ltd. is an Illinois corporation with its principal place of business in Wheaton, Illinois, and College Craft Enterprises, Ltd. is a Delaware corporation with its principal place of business in Wheaton, Illinois. College Craft conducts extensive business throughout the Midwest, including Minnesota, Kansas, Missouri, Ohio, and Indiana. College Craft has been operating in the Minneapolis, Minnesota area since 1972, with gross revenues exceeding one million dollars since 1985. Mennie Aff., ¶ 7. The financial burden imposed on Mr. Perry in defending this lawsuit in Illinois clearly outweighs that imposed on College Craft if it is required to prosecute this action in Minnesota. Accordingly, the convenience of the parties would be best served by transfer.

### B. *The Interest of Justice*

The "interest of justice" is a separate component of a Section 1404(a) analysis which focuses on the efficient administration of the judicial system, rather than on the private considerations of the litigants. *Coffey v. Van Dorn Iron Works, supra*, 796 F.2d at 220–21 (citations omitted); *Espino v. Top Draw Freight System, Inc.*, 713 F.Supp. 1243, 1245 (N.D.Ill.1989) (citations omitted). Interest of justice considerations include "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Financial, Inc. v. Midwhey Powder Co., Inc., supra*, 883 F.2d at 1293 (citation omitted).

Federal court management statistics suggest that this case might be more quickly resolved in this forum. In particular, two statistics, the median number of months from filing to disposition of civil cases and the median number of months from issue to trial in civil cases, seem to be the most relevant to this analysis. *Vandeveld v. Christoph, supra*, 877 F.Supp. at 1169 (citing *Applied Web Systems, Inc. v. Catalytic Combustion Corp.*, No. 90 C 4411, 1991 WL 70893, at *8 (N.D.Ill. Apr. 29, 1991)). The Federal Court Management Statistics Report for the annual period ending September 30, 1993 indicates that the median time from filing to disposition of civil cases was five months in the Northern District of Illinois, compared to ten months in the District of Minnesota. *See* ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, 1993 FEDERAL COURT MANAGEMENT STATISTICS, pp. 101, 115. During the same period, the median time from issue to trial in civil cases was thirteen months in the Northern District of Illinois, compared to twenty-two months in the District of Minnesota. *Id.* These statistics suggest that the prospect of an earlier trial might lie within this district. As such, this consideration slightly militates against transfer.

On the other hand, there are more compelling "interest of justice" considerations which favor transfer. College Craft initially brought this action against Mr. Perry and Varsity, but Varsity has since been dismissed for lack of personal jurisdiction.[3] College Craft does not rule out the possibility that it might bring a related action against Varsity in the future. Absent a transfer, there is a potential for two separate actions involving many of the same issues: one against Perry in the Northern District of Illinois, and one against Varsity in the District of Minnesota. Even if it does not bring a lawsuit against Varsity, College Craft seeks injunctive relief against Mr. Perry, which, if granted, would require enforcement in Minnesota. This consideration strongly favors transfer. *See Central States, Southeast and Southwest Areas Pension Fund v. Brown*, 587 F.Supp. 1067, 1071 (N.D.Ill.1984); *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Limited Partnership, supra*, 807 F.Supp. at 475.

---

**3.** College Craft does not challenge that ruling here. *See* Supplemental Response, p. 1 n. 1.

### Resolution

A balance of these considerations weighs in favor of transfer. On the one hand, College Craft brought the action in this forum, its home forum, and this district might offer a speedier resolution of the case. On the other hand, the convenience of the witnesses, the convenience of the parties, the fact that most of the material events took place in Minnesota, and the public interest in having an action litigated where a judgment can be best enforced all favor transfer. Although a plaintiff's choice of its home forum is entitled to considerable weight, it is not determinative where, as here, the balance of considerations weighs heavily in the defendant's favor. *See Countryman v. Stein Roe & Farnham, supra,* 681 F.Supp. at 482–83; *Letter–Rite, Inc. v. Computer Talk, Inc.,* 605 F.Supp. 717, 719–20 (N.D.Ill.1985). The possibility that the parties might also receive a faster resolution of this case in this forum is not sufficient to tip the scales. Accordingly, this action will be transferred to the District of Minnesota.

### Conclusion

For the foregoing reasons, Mr. Perry's motion to reconsider my May 22, 1995 ruling is granted. Mr. Perry's motion to transfer the action to the District of Minnesota is granted.