**Joyce BRYANT, Plaintiff,**

v.

**ITT CORPORATION & Metropolitan Life Insurance Co., Defendants.**

**No. 98 C 8092.**

United States District Court, N.D. Illinois, Eastern Division.

May 12, 1999.

Mark D. DeBofsky, Richard Quentin Holloway, DeBofsky & DeBofsky, Chicago, IL, for plaintiff.

Steven P. Mandell, Donna Haddad, Davidson Mandell & Menkes, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants ITT Industries, Inc. ("ITT")[1] and Metropolitan Life Insurance Co.'s ("MetLife") motion to transfer this case to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a). For reasons that follow, the court grants the motion.

### I. BACKGROUND

Plaintiff Joyce Bryant ("Bryant") is, and has been since at least 1996, a resident of Beaver Dam, Kentucky. Bryant is suing ITT and MetLife to recover disability income benefits that Bryant claims are due to her under an employee welfare benefit plan which provides group long-term benefits to ITT employees ("the Plan"). ITT, which is the administrator for the Plan, is an Indiana corporation with its principal place of business in New York. MetLife, which is the designated claim administrator for the Plan, is a New York mutual insurance company with its principal place of business in New York. The MetLife claims office with responsibility for administering Bryant's claim for benefits is located in New York. In addition, the Plan is used in New York. Both ITT and MetLife conduct business in Illinois.

According to Bryant's complaint, Bryant was a full-time ITT employee until September of 1994. On September 14, 1994, Bryant stopped working for ITT because of physical and mental impairments. After she stopped working for ITT, Bryant made a claim for benefits under the Plan. Bryant's claim was approved, and she began to receive payment of benefits after the expiration of the six-month elimination period. Bryant received payment of benefits until January of 1997. Between April of 1996 and January of 1997, Bryant received all of her Plan benefits at her home in Kentucky.

In January of 1997, MetLife notified Bryant that it had reviewed her claim and was terminating benefits because Bryant did not qualify for continued benefits under the Plan since she was not disabled from any occupation or employment. MetLife sent the notification letter from its office in New York to Bryant's residence in Kentucky.

Bryant submitted an administrative appeal of the denial of her disability claim. In support of her appeal, Bryant submitted various reports from treating and examining doctors. Those doctors are located in Kentucky. MetLife engaged independent consulting doctors to examine Bryant. Those doctors are also located in Kentucky. Most of the correspondence regarding the challenged decision was exchanged between Bryant and her attorney in Kentucky and MetLife's office in New York. In response to Bryant's appeal, MetLife provided Bryant with a final determination of her claim, upholding the denial of benefits.

In response to the denial of benefits, Bryant filed suit in this court, claiming that defendants' actions violated the Employee Retirement Income Security Act of 1974 ("ERISA"). This court has subject matter jurisdiction over the case pursuant to 29 U.S.C. §§ 1132(e)(1) and 1132(f). In response to Bryant's suit, ITT and Met-

---

1. The complaint names as a defendant "ITT Corporation"; however, the proper name for this defendant is ITT Industries, Inc., which is the successor company to ITT Corporation. (Defs.' Memo. at 1.)

Life have moved to transfer this case to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a).

## II. *DISCUSSION*

ITT and MetLife have moved to transfer this case to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a), arguing that the convenience of the parties and witnesses and the interests of justice weigh in favor of such a transfer. Bryant argues that the case should be kept in Illinois because (1) Bryant worked and earned her entitlement to benefits in Illinois; (2) there are no evidentiary issues which justify overriding Bryant's choice of forum; and (3) the interests of justice do not favor transfer.

■ Section § 1404(a), which governs the transfer of an action from one federal district court to another, provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill.1995).

■ In determining whether a motion under § 1404(a) should be granted, the court must seek to promote the efficient administration of justice and not merely the private interests of the parties. *North Shore Gas Co. v. Salomon, Inc.,* 896 F.Supp. 786, 791 (N.D.Ill.1995). The determination of whether a case should be transferred pursuant to § 1404(a) is committed to the sound discretion of the trial court. *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir.1989); *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986).

The parties do not dispute that venue is proper in both the Northern District of

Illinois and the Western District of Kentucky. *See* 28 U.S.C. § 1391(e)(2). What the parties dispute is whether the convenience of the parties and witnesses and the interests of justice weigh in favor of transfer. It is those two factors, therefore, that the court addresses.

## A. *Convenience of the parties and witnesses*

■ First the court must consider the convenience of the parties and witnesses. When evaluating the convenience of the parties and witnesses, the court should consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *North Shore Gas Co.,* 896 F.Supp. at 791; *College Craft Cos. Ltd. v. Perry,* 889 F.Supp. 1052, 1054 (N.D.Ill.1995). The moving party bears the burden of showing that the transferee forum is more convenient. *Chemical Waste Management v. Sims,* 870 F.Supp. 870, 876 (N.D.Ill. 1994).

### 1. Plaintiff's choice of forum

■ Generally, the plaintiff's choice of forum is entitled to substantial deference. *Central States, S.E. & S.W. Areas Pension Fund v. KAW Transp. Co.,* No. 96 C 7935, 1997 WL 135680, at *5 (N.D.Ill. Mar.21, 1997); *see also Vandeveld,* 877 F.Supp. at 1167. However, where the plaintiff's chosen forum is not the plaintiff's home forum or lacks significant contact with the litigation, the plaintiff's chosen forum is entitled to less deference. *Binz v. Iowa Interstate R.R., Ltd.,* No. 98 C 6381, 1999 WL 90642, at *1 (N.D.Ill. Feb.10, 1999); *KAW Transp. Co.,* 1997 WL 135680, at *5 (citations omitted); *Central States, S.E. & S.W. Areas Pension Fund v. Gelock Transfer Line, Inc.,* No. 90 C 4317, 1991 WL 36919, at *1 (N.D.Ill. Feb.26, 1991). Further, while a plaintiff's choice of forum is an important consideration in determining

whether a motion to transfer should be granted, it is not absolute and will not defeat a well-founded motion to transfer. *Applied Web Sys., Inc. v. Catalytic Combustion Corp.*, No. 90 C 4411, 1991 WL 70893, at *3 (N.D.Ill. Apr.29, 1991).

■ In this case, Bryant's chosen forum is Illinois. Illinois, however, is not Bryant's .home forum. Further, from the evidence submitted by the parties, it appears that Illinois is not the situs of the majority of the material events. *See infra* Part II.A.2. Rather, as between Kentucky and Illinois, Kentucky is the situs of the majority of the material events.

Bryant argues that the court should pay deference to Bryant's choice of Illinois as the forum because Illinois (1) was a her home forum during the time that she was employed by ITT and (2) has a significant contact with the underlying litigation. The court rejects Bryant's argument. First, Bryant has not cited, and the court's research did not uncover, any authority for the proposition that an ERISA plaintiff's choice of venue is entitled to substantial deference when the plaintiff resided in that forum while working for the company who maintained the plan but did not reside in that forum when the breach took place or when the suit was brought. Second, Bryant simply makes a conclusory statement that Illinois has a significant contact with the underlying cause of action without providing any facts in support of that statement. Contrary to Bryant's conclusory statement, it appears from the evidence before the court that the only contact that Illinois has with the litigation is that Bryant lived and worked in Illinois when she became a participant in the Plan and first became entitled to benefits. Bryant, however, has since moved from Illinois to Kentucky and was living in Kentucky when her benefits were terminated. Accordingly, given the facts of this particular case, the court finds that Bryant's choice of Illinois as the forum is entitled to no more weight than any of the factors dis-cussed below; however, it is one factor weighing against transfer.

### 2. Situs of material events

From the evidence submitted by the parties, it appears that Illinois was not the situs of the majority of the material events in this case. First, the alleged breach of the obligation to pay Plan benefits did not take place in Illinois; it took place in either Kentucky or New York because the decision not to pay was made in New York and Bryant was a citizen of Kentucky when that decision was made. *See Foster G. McGaw Hosp. of Loyola U. of Chicago v. Pension Trust Dist. #9 Welfare Trust I.A. of M.A.W.*, 1992 WL 309571, at *3 (N.D.Ill. Oct.22, 1992); *Ingalls Mem'l Hosp. v. Northeastern Ctr., Inc. Employee Benefits Plan*, 1991 WL 24505, at *2 (N.D.Ill. Feb.20, 1991). Any benefits due to Bryant would be paid to Bryant in Kentucky. It is the condition of Bryant's health while she has been a Kentucky citizen that is relevant. Finally, at all relevant times, Bryant was treated by Kentucky doctors. Thus, as between Kentucky and Illinois, the court finds that Kentucky is the situs of the majority of material events in this case.

### 3. The relative ease of access to sources of proof

ITT and MetLife argue that the location of documents and other records weighs in favor of transfer because many of the documents are in Kentucky while none of the documents are in Illinois. The court is satisfied, however, that either party can easily bring to the district those documents that are not there already, *see Chemical Waste Management*, 870 F.Supp. at 876, if those documents are even needed, *see infra* Part II.A.3 (explaining that the parties agree that the court's review is limited to the materials before the Plan administrator when it made its decision to deny benefits). Therefore, the court finds that this factor is neutral in the court's transfer analysis.

#### 4. Convenience of the witnesses

Both parties agree that the court's review in this case is limited to a determination as to whether the decision to deny benefits was "arbitrary and capricious." (Defs.' Memo. at 9 n. 5; Pl.'s Resp.Br. at 4); *see also Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 380 (7th Cir.1994). Under this standard, the court's review is confined to the evidence and information that was before the Plan administrator when it made its decision. (Defs.' Memo. at 9 n. 5; Pl.'s Resp.Br. at 4.) Thus, according to the parties, no witnesses will be needed to resolve this litigation. Accordingly, the court finds that this factor weighs neither in favor of nor against transfer.

#### 5. Convenience to the parties

■■■■ The next factor the court should consider is the convenience of the litigants. Specifically, the court should consider their respective residences and their ability to bear the expenses of litigating in a particular forum. *Habitat Wallpaper Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F.Supp. 470, 474 (N.D.Ill.1992). Transfer is inappropriate if it "merely transforms an inconvenience for one party into an inconvenience for the other party." *Chemical Waste Management, Inc.*, 870 F.Supp. at 876 (citing *Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 216 (N.D.Ill. 1993)).

In this case, litigation in Illinois would be not be convenient to ITT, MetLife, or Bryant. None of the parties are Illinois citizens. However, ITT and MetLife will be inconvenienced regardless of whether the litigation is in Illinois or Kentucky. Bryant does not object to the inconvenience of litigation in Illinois. Accordingly, the court finds that this factor weighs neither in favor of nor against transfer.

### B. *Interests of justice*

■■■■ The final factor to be considered is whether transfer will serve the interests of justice. The "interests of justice" component "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins. Co. v. Brightly Galvanized Prod., Inc.*, 911 F.Supp. 342, 346 (N.D.Ill.1996). It includes such considerations as (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue. *Symons Corp. v. Southern Forming & Supply, Inc.*, 954 F.Supp. 184, 187 (N.D.Ill.1997). The administration of justice is served more efficiently when the action is litigated in the forum that is "closer to the action." *Paul v. Lands' End, Inc.*, 742 F.Supp. 512, 514 (N.D.Ill.1990).

#### 1. Speed at which the case will proceed to trial

ITT and MetLife have attached the statistic reports from the *Federal Court Management Statistics* for the period ending September 30, 1997. ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, 1997 FEDERAL COURT MANAGEMENT STATISTICS. ITT and MetLife argue that the statistics show that the parties may receive a quicker trial in the Western District of Kentucky.

As this court has previously explained, of the numerous court management statistics available, the two most relevant statistics to the court's current analysis are (1) the median months from filing to disposition and (2) the median months from filing to trial. *Vandeveld*, 877 F.Supp. at 1169; *Applied Web Sys., Inc.*, 1991 WL 70893, at *8. In this case, the median months from filing to disposition was 5 months in the Northern District of Illinois compared to 9 months in the Western District of Kentucky, a difference of 4 months. However, the median months from filing to trial was 24 months in the Northern District of Illinois compared to 22 months in the Western District of Kentucky, a difference of 2 months. These statistics suggest that the

litigation has a chance of proceeding to trial quicker in the Western District of Kentucky but of being disposed of quicker in the Northern District of Illinois. However, the differences in either of the comparisons is not significant. Accordingly, the court finds that the relevant statistics weigh neither in favor of nor against transfer.

### 2. The court's familiarity with the applicable law

This case is an ERISA action; there is no state law involved in the dispute. Accordingly, this factor is neutral in the court's analysis.

### 3. The desirability of resolving controversies in their locale and the relation of the community to the occurrence at issue

This is the strongest factor weighing in favor of transfer. As previously explained, Kentucky has a much stronger connection to this case than Illinois. As between Illinois and Kentucky, Kentucky is the situs of the majority of the material events in this case. The breach, if any, occurred in Kentucky. Bryant is a resident of Kentucky. It is Bryant's medical condition in Kentucky that is relevant to the dispute. If Bryant is entitled to any benefits, those benefits will be paid to Bryant in Kentucky. Illinois' only connection to the action is that Bryant lived and worked in Illinois when she became a Plan participant and initially became disabled. None of the parties are citizens of Illinois and the breach did not occur in Illinois. Thus, the court finds that Kentucky has a much stronger interest in resolving this litigation and is the community which is undoubtedly "closer to the action." Accordingly, this factor weighs strongly in favor of transfer.

### C. Resolution

Based on the above considerations, the court has determined that this case should be transferred to the Western District of Kentucky. It is true that Illinois is Bryant's chosen forum. However, Illinois is not Bryant's home forum; Kentucky is. Further, Illinois is not the situs of the material events in this case. As between Kentucky and Illinois, Kentucky is the situs of the majority of the material events in this case. Kentucky has a much stronger interest in seeing this dispute resolved and is undoubtedly the community which is "closer to the action." Accordingly, this court finds that ITT and MetLife have met their burden of showing that this case should be transferred to the Western District of Kentucky pursuant to § 1404(a).

### CONCLUSION

For the foregoing reasons, the court grants defendants Metropolitan Life Insurance Co. and ITT Industries, Inc.'s motion to transfer this case pursuant to 28 U.S.C. § 1404(a). Accordingly, the court transfers this case to the Western District of Kentucky, Louisville Division.