**Andrew HOWELL, Plaintiff,**

v.

**William JOFFE, et al., Defendants.**

**No. 06 C 50052.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 6, 2006.

Opinion Denying Reconsideration
Jan. 26, 2007.

Motion denied.

Matthew Blake Karchmar, Karchmar & Lambert, P.C., Edward Lloyd Schuller, Samuel Abraham Shelist, Schuller & Shelist, Chicago, IL, for Plaintiff.

Gregory Thomas Snyder, Jennifer L. Johnson, Matthew Fitzgerald Logan, Victoria Rose Glidden, Hinshaw & Culbertson, Crystal Lake, IL, Sheryl M. Arrigo, Jennifer Marie Zlotow, Karen Kies Degrand, Kimberly K. Downing, Donohue, Brown, Mathewson & Smyth, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Andrew Howell ("Howell") has brought a motion to reconsider my ruling of October 18, 2006, that denied his motion to remand this case back to state court. For the following reasons, I deny his motion to reconsider.

### I.

Howell, a resident of Colorado, originally brought his complaint against defendants William Joffe ("Joffe"), Monsignor James McLoughlin, Monsignor David Kagan, Saint Mary Catholic Church, Saint Mary School, the Catholic Diocese of Rockford, Ellen Lynch ("Lynch"), and Hinshaw & Culbertson, LLP ("Hinshaw"), in the Circuit Court of Cook County, Illinois. Howell served Hinshaw and Lynch on February 14 and 15, 2006. On March 16, 2006, Hinshaw and Lynch filed a notice of removal seeking to remove the action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Western Division. In their notice of removal, Hinshaw and Lynch stated that Howell was a citizen

and resident of Colorado, but that "[n]one of the defendants in this matter are citizens or residents of Colorado." The notice of removal further stated that Hinshaw was headquartered in Illinois and that, although Hinshaw had attorneys practicing out of offices in several states, and had a small clerical office in Colorado, "[n]one of the limited liability or general partners of Hinshaw and Culbertson LLP are citizens of Colorado." At this time, Howell had not served Joffe.

This case was subsequently assigned to Judge Reinhard in the Western Division. On March 24, 2006, Judge Reinhard issued an order stating, in part:

Defendants have failed to properly allege citizenship. Hinshaw & Culbertson LLP has no citizenship but is a citizen of every state of which one of it's [sic] partners is a citizen. The identity and citizenship of each partner must be pled. *See Hicklin L.C. v. Bartell*, 439 F.3d 346 (7th Cir.2006). Defendants shall file amended jurisdictional allegations on or before 4/21/2006.

*Howell v. Joffe*, No. 06 C 50052 (N.D.Ill. Mar. 24, 2006). On April 5, 2006, Howell served Joffe. On April 14, 2006, within the time specified by Judge Reinhard for the filing of amended jurisdictional allegations, Hinshaw and Lynch filed an "Amended Notice of Removal" which was substantially similar to their earlier-filed notice of removal. The amended notice also included, however, an affidavit from Anne Connor, Director of Human Resources & Administration for Hinshaw. Connor attached to her affidavit a spreadsheet indicating the identities and citizenship of all partners of Hinshaw. Connor stated in her affidavit that this spreadsheet was "true and accurate to the best of [her] knowledge." It further stated that no partner of Hinshaw was a resident or citizen of Colorado. The same day that

Hinshaw and Lynch filed their amended notice, the remaining defendants except for Joffe filed a motion to join Hinshaw and Lynch's amended notice of removal. Neither Hinshaw and Lynch's amended notice nor the other defendants' motion to join explained why Joffe had not joined in the amended notice.

The parties subsequently made other filings related to the removal, as well as filings related to the dismissal of certain claims, before Judge Reinhard and the magistrate judge. On May 10, 2006, plaintiff filed a motion to remand this case back to state court. However, on June 23, 2006, before the motion to remand was decided, Judge Reinhard issued an order transferring this case to the Eastern Division of the Northern District of Illinois. *Howell v. Joffe*, No. 06 C 50052 (N.D. Ill. June 23, 2006). In the order, Judge Reinhard stated that under the removal statute, 28 U.S.C. § 1441 (2006), because Howell originally filed his complaint in the Circuit Court of Cook County, defendants should have removed the case to the Eastern Division. *Id.* The case was subsequently transferred to the Eastern Division, and was assigned to me. On October 18, 2006, I issued a ruling denying plaintiff's motion to remand. Shortly thereafter, plaintiff filed the present motion to reconsider that ruling.

## II.

▮ The removal of actions from state court to federal court is governed, in part, by 28 U.S.C. §§ 1441 and 1446. Section 1441 provides that actions removable under diversity of citizenship jurisdiction

are removable only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).[1] Under § 1446, a party seeking to remove an action must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A notice of removal may be filed within thirty days after the defendant receives a copy of the pleading, motion, order, or other paper from which the defendant can first ascertain that the case is removable. 28 U.S.C. § 1446(b). In addition, removal is only proper if all defendants who have been served at the time the removal petition is filed consent to the removal, and a petition is considered defective if it does not explain why other defendants have not consented to removal. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368–69 (7th Cir.1993) (internal citations omitted). However, amendments to correct defective petitions for removal may be allowed after the thirty-day time period has run if the defect in the petition is curable. *Id.* at 369 (internal citations omitted).

## III.

Plaintiff's motion to reconsider relies on a flawed analysis of defendants' efforts to remove and argues that, under this analysis, defendants have not met the requirements of § 1446. Plaintiff argues that Hinshaw and Lynch's amended notice of removal superceded their initial notice, and as such must independently meet the requirements for removal. Based on this

---

[1] Plaintiff could have asserted this ground as a basis for his motion to remand, but did not do so. Defendant Lynch, who was served at the time Lynch and Hinshaw filed their notice of removal, is a citizen of Illinois. However, throughout multiple rounds of briefing plaintiff has never raised this point, and plaintiff has now waived this argument. *See Hurley v.*

*Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir.2000) (holding that the forum defendant rule of § 1441(b) is nonjurisdictional and can be waived if not raised by plaintiff because to do otherwise "would be to preserve for plaintiffs rights that the plaintiffs themselves failed to assert").

interpretation, plaintiff contends that Hinshaw and Lynch's amended notice of removal was untimely because it provided new allegations to support removal after the thirty-day time period for removal under § 1446(b). Even setting aside the timeliness issue, plaintiff contends that the amended notice of removal is defective because it does not explain why Joffe failed to join in the petition for removal, as required since he was served prior to the filing of the amended notice. *See Shaw,* 994 F.2d at 369. In addition, plaintiff argues that defendants' notice of removal was defective because it was filed in the Western Division and not the Eastern Division of the Northern District of Illinois, and that defendants have not met their burden of proof in establishing the diversity of citizenship of the parties. Plaintiff is incorrect that defendants' amended notice superceded their original notice of removal, and plaintiff's other arguments likewise fail.

■ There is no basis to conclude that defendants' amended notice of removal superceded their initial notice. The only case plaintiff cites for this proposition, *Nisbet v. Van Tuyl,* 224 F.2d 66 (7th Cir. 1955), holds that allegations contained in an amended complaint supercede allegations contained in the original complaint; the opinion generally asserted that "[a]n amended pleading ordinarily supersedes the prior pleading." *See id.* at 71. As defendants note, Judge Reinhard did not strike Hinshaw and Lynch's original notice of removal, and Hinshaw and Lynch did not withdraw it. Judge Reinhard also did not order Hinshaw and Lynch to file an amended notice of removal, but rather to file "amended jurisdictional allegations." In their amended notice of removal, Hinshaw and Lynch specifically state that the amended notice was filed to comply with Judge Reinhard's order, and specifically reference their original notice of removal. There is no basis to conclude that Hinshaw

and Lynch's amended notice superceded its initial notice. Hinshaw and Lynch's amended notice was filed to cure the defects that Judge Reinhard found in their initial notice.

■ Plaintiff's other arguments are similarly without merit. Plaintiff argues that defendants' amended notice of removal provides new allegations to support removal after the statutorily-allowed time period for such allegations under § 1446(b). This argument misinterprets Judge Reinhard's order, however. Judge Reinhard found that the original notice of removal failed to plead the identity and citizenship of each partner of Hinshaw as required. The amended notice of removal's inclusion of specific allegations as to the identity and citizenship of each partner of Hinshaw is not a "new" allegation not contained in the original notice of removal because the original notice does allege that "[n]one of the limited liability or general partners of Hinshaw and Culbertson LLP are citizens of Colorado." Judge Reinhard's order required Hinshaw and Lynch to expand upon their general allegation of citizenship to provide a more definite allegation of the citizenship of each Hinshaw partner. As the Seventh Circuit held in *Shaw,* an amendment to correct a curable defect in a removal petition is allowable even though the thirty-day time period has run. *Id.* at 369. Because plaintiff has not contended that a partner of Hinshaw does have Colorado citizenship as would be required to defeat diversity jurisdiction, and because there is no other evidence that this is the case, defendants' failure to specifically allege the citizenship of each party is a curable defect.

■ Further, plaintiff's argument that the amended notice of removal is defective because it does not explain why Joffe failed to join in the petition for removal is also without merit. Unlike the

cases from other circuits cited by plaintiff, the Seventh Circuit has held that the consent of parties not served at the time a petition for removal is filed is not necessary for such a petition. *See id.* at 369. At least two Seventh Circuit opinions indicate that the requirement that a party explain why a defendant has not joined in the petition for removal still applies even if the reason the defendant has not joined is that the defendant has not been served. *See N. Illinois Gas Co. v. Airco Indus. Gases, a Div. of Airco, Inc.,* 676 F.2d 270, 273 (7th Cir.1982) (quoting *P.P. Farmers Elevator Co. v. Farmers Elevator Mut. Ins. Co.,* 395 F.2d 546, 548 (7th Cir.1968)) ("[W]here the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e.g., that he is a nominal party or was not served."). Here, the parties do not dispute that defendant Joffe was not served at the time Hinshaw and Lynch filed their original petition. Hinshaw and Lynch do not explain this either in their original notice of removal or in their amended notice of removal; their original notice of removal does not explain why the other defendants did not join, either. Under *Shaw,* the question is whether this defect is curable. *See* 994 F.2d at 369. The Seventh Circuit held in *Shaw* that, to determine whether a defect in a petition for removal is curable, a court may consider the record of state court proceedings. *See id.* (internal citations omitted). As defendants point out, a review of the record of the state court proceedings shows that at the time Hinshaw and Lynch filed their notice of removal, plaintiff had served no other defendant. Therefore, this is a curable defect. At this point, requiring Hinshaw and Lynch to file an additional supplemental notice of removal would serve no purpose since it is clear that Hinshaw and Lynch did not need Joffe to join in their original notice of removal.

Plaintiff's other arguments require little analysis to reject them. Plaintiff argues that defendants' notice of removal was defective because it was filed in the Western Division and not the Eastern Division of the Northern District of Illinois. However, this is a procedural defect that Judge Reinhard corrected by transferring the case to the Eastern Division. *See, e.g., Peterson v. BMI Refractories,* 124 F.3d 1386, 1391–92 (11th Cir.1997). Plaintiff cites no precedent that this is not the case. In addition, there is no question that defendants have met their burden of proof in establishing diversity. There is no requirement that, to establish the diversity of all parties, a party petitioning for removal must attach an affidavit of citizenship from each party. An affidavit from a party with knowledge, such as the human resources director of a law firm averring the citizenship of the partners of the firm, is sufficient. This is particularly true where, as here, plaintiff does not argue that the affidavit is inaccurate. Plaintiff's argument rests on semantics; Connor stated in her affidavit that "to the best of [her] knowledge," the spreadsheet attached to her affidavit reflected the citizenship of each partner of Hinshaw. Her affidavit also stated that her affidavit was based on "personal knowledge." This is enough to establish Hinshaw and Lynch's burden of proof concerning the diversity of the parties.

## IV.

For the above reasons, plaintiff's motion to reconsider my ruling of October 18, 2006 is denied. In addition, certain defendants have filed a motion to transfer this case to the Western Division of the Northern District of Illinois. The parties appeared before me to address this motion

on October 31, 2006. For the reasons stated in court on that date, that motion is also denied.

## MEMORANDUM OPINION AND ORDER

On October 23 and October 24, 2006, defendants filed motions[1] to transfer this case to the Western Division of the Northern District of Illinois.[2] I originally heard argument on these motions in court on October 31, 2006.[3] On November 6, 2006, I issued a memorandum opinion and order denying the motions to transfer for the reasons stated in court on October 31. *Howell v. Joffe*, No. 06 C 50052, 2006 WL 3253641, at *4 (N.D.Ill. Nov.6, 2006). Defendants have now filed motions to reconsider my denial of their motions to transfer. For the reasons stated below, I deny their motions to reconsider.

## I.

Howell's complaint alleges that between 1976 and 1979, when he was a child, Joffe abused him. Joffe was then associated with the Diocese, Saint Mary Catholic Church and Saint Mary School.[4] Kagan and McLoughlin were also associated with those defendants. The complaint does not allege the location of the abuse; it only alleges that Howell knew Joffe through Saint Mary School and Saint Mary Catholic Church, and that Joffe accompanied Howell's family on vacation and on a trip to a farm. Howell further alleges that in April of 2004, Kagan contacted him along with Lynch, who is an employee of Hinshaw and who purported to represent the Diocese, and left him a rude and inappropriate voicemail message containing comments about Howell and other purported victims of abuse.

The parties do not dispute that Howell now resides in Colorado and Joffe in Florida. Saint Mary Catholic Church and Saint Mary School are located in Woodstock, Illinois, in McHenry County. McLoughlin resides in Woodstock. Kagan and Lynch reside in Rockford. Both Rockford and Woodstock are located within the boundaries of the Western Division of this district. The court takes judicial notice of the fact that Woodstock is located approxi-

---

1. Defendants Saint Mary Catholic Church, Saint Mary School, Monsignor James McLoughlin ("McLoughlin"), the Catholic Diocese of Rockford (the "Diocese"), and Monsignor David Kagan ("Kagan") filed one motion, and defendants Ellen Lynch ("Lynch") and Hinshaw & Culbertson, LLP ("Culbertson") filed another motion. Defendant William Joffe has not yet appeared and so did not participate in the motions to transfer or the present motions to reconsider.

2. Although this case is still in its early stages, it already has a complicated procedural history. Plaintiff Andrew Howell ("Howell") originally filed his complaint in the Circuit Court of Cook County, Illinois. Certain defendants filed a notice of removal to remove this action to the Western Division of the Northern District of Illinois. The district court ordered the defendants to file amended jurisdictional allegations, which they did. Howell subsequently filed a motion to remand, but the district court, rather than deciding that motion, is-

sued an order transferring this case to the Eastern Division because it originally should have been removed to that division, and not to the Western Division, under 28 U.S.C. § 1441 (2006). The case was subsequently assigned to this court. On October 18, 2006, I denied Howell's motion to remand, and on November 6, 2006, I denied Howell's motion to reconsider that ruling. *Howell v. Joffe*, No. 06 C 50052, 2006 WL 3253641, at *4 (N.D.Ill. Nov.6, 2006).

3. At that hearing I declined to transfer the case, noting that it was within my discretion and stating that "since anyone coming in from Rockford would only have to deal with it if it got to trial, I don't think I'm going to give it up for that reason."

4. Defendants contend that Saint Mary Catholic Church and Saint Mary School are actually "Saint Mary's Church of Woodstock" and are improperly named in Howell's complaint.

mately 40 miles from Rockford and approximately 60 miles from Chicago. Kagan has submitted an affidavit stating that both he and McLoughlin are very busy with around-the-clock religious responsibilities in the communities in which they live. Hinshaw, which is a law firm, has offices in both Chicago and Rockford. Lynch has averred that in April of 2004 she was assigned to Hinshaw's office in Rockford; she is now general counsel for the Diocese and works from the Diocese's headquarters in Rockford.

## II.

■■■ This court may transfer venue to another district or division for reasons of convenience when it is "in the interest of justice." 28 U.S.C. § 1404(a). The moving party must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice. *Bryant v. ITT Corp.*, 48 F.Supp.2d 829, 832 (N.D.Ill.1999). In ruling on a motion to transfer, a district court must consider these statutory factors "in light of all the circumstances of the case." *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986) (internal citations omitted). Section 1404(a) does not indicate the relative weight to afford to each of these factors; this is left to the discretion of the district court. *See id.* at 219, n. 3. The weighing of the relevant factors "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219; *see also N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 648, n. 3 (7th Cir.1998) (internal citation omitted); *Van Dusen v. Barrack,*

376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). Further, the movant bears the burden of establishing that the transferee forum is clearly more convenient. *Coffey,* 796 F.2d at 219.

Here, the parties do not dispute that venue is proper in both the Western Division and the Eastern Division; the Northern District has no divisional venue requirement so the case originally could have been filed in either venue. The only disputed issues between the parties are whether the Western Division is a more convenient venue for this action and whether transfer would be in the interests of justice. I consider these issues in more detail below.[5]

## III.

■■■ In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, the court must consider the private interests of the parties as well as the public interest of the court. *N. Shore Gas Co. v. Salomon, Inc.*, 896 F.Supp. 786, 791 (N.D.Ill. 1995). The factors relevant to the parties' private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Coll. Craft Cos., Ltd. v. Perry*, 889 F.Supp. 1052, 1054 (N.D.Ill.1995). The factors relevant to the public interest of the court include the court's familiarity with the applicable law and concerns relating to the efficient administration of justice. *Id.* at 1056. The burden is on the moving party to demonstrate that the balance of the

---

**5.** I previously considered whether reasons of convenience justified transfer in the interest of justice, as § 1404(a) requires, in denying defendants' original motions to transfer. However, defendants contend that by not re-quiring plaintiff to respond to defendants' motions, and by not explaining my decision in more detail, I did not fully consider their motions.

factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis,* 738 F.Supp. 1195, 1198 (N.D.Ill.1990).

## A. Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum. *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill.1995). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir.2003) (internal citations omitted). Here, Howell's original choice of forum was Cook County, Illinois. His original choice was in state court—defendants initiated the removal to federal court—but Howell chose to have the case heard in Cook County in the Eastern Division and not in Winnebago County, where Rockford is located. Defendants argue that I should give less deference to Howell's choice of forum because he resides in Colorado and has no connection to the Eastern Division. This is true. Therefore, while Howell's choice of forum is entitled to some deference, it is merely one factor to consider.[6]

## B. Situs of Material Events

I must also consider the situs of the material events giving rise to Howell's

claims. Howell's claims focus on two alleged actions: Joffe's alleged abuse of Howell and the purported voicemail Kagan and Lynch left Howell. Howell has not specified where these alleged actions took place, but he has not provided any evidence that they took place in the Eastern Division. Howell alleges Joffe's abuse took place over several years, so at least some of the alleged abuse likely occurred in the Western Division since Howell alleges that it was at Saint Mary School and Saint Mary Catholic Church in Woodstock that he came to know Joffe. In addition, Howell has not alleged or explained from where Lynch and Kagan left their voicemail for him, but presumably the call to Howell's voicemail was directed toward his residence in Colorado. There is no evidence that any material events took place in the Eastern Division, but some that the Western Division was the situs of at least some of the material events.[7] This factor therefore weighs in favor of transfer.

## C. Convenience of the Parties

Another factor I must consider is the convenience of the parties. The defendants urge that the Western Division is more convenient for them since they are all located in Rockford or Woodstock. As discussed above, Woodstock is located between Rockford and Chicago. Howell has alleged, and neither party disputes, that he resides in Colorado and that Joffe resides

---

**6.** In addition, a plaintiff's choice of forum is afforded less deference when another forum has a stronger relationship to the dispute or when plaintiff's choice of forum has no connection to the material events. *Chicago, Rock Island & Pac. R.R. Co. v. Igoe,* 220 F.2d 299, 304 (7th Cir.1955). As discussed with respect to the next factor, it is unclear where the material events at issue here took place.

**7.** Some courts have also considered the "relative ease of access to sources of proof" and the "cost of securing witnesses" as factors in the transfer analysis. See, e.g., *Chicago, Rock*

*Island & Pac. R.R. Co.,* 220 F.2d at 303. Here, neither side has explained what evidence they would be seeking from the other parties or from third parties, and defendants have not articulated what non-party witnesses they will need to compel to attend. Evidence in the control of the Diocese would certainly be located in the Western Division, but evidence in the plaintiff's control may be located elsewhere. Because defendants have not met their burden to articulate what evidence they may be seeking or what non-party witnesses they will need to secure, these factors do not weigh in favor of transfer.

in Florida. Although defendants argue that Howell can travel to Rockford as easily as to Chicago, it is clearly easier for Howell to fly to Chicago.[8] As discussed above, transfer is not appropriate where it would merely shift inconvenience from one party to another. *See, e.g., Medi USA, L.P. v. Jobst Inst., Inc.,* 791 F.Supp. 208, 211 (N.D.Ill.1992). This factor does not weigh in favor of transfer.

### D. Convenience of the Witnesses

I also consider the convenience of potential witnesses. In assessing inconvenience to potential witnesses, I must look beyond the number of witnesses to be called and examine the nature and quality of the witnesses' testimony with respect to the issues in the case. *Vandeveld,* 877 F.Supp. at 1168. Additionally, the party seeking transfer must clearly specify key witnesses to be called and make a general statement as to their testimony. *Id.* Here, although defendants generally contend that the Western Division is more convenient for witnesses, they have not identified any key witnesses to be called and have not made a statement as to their testimony. In his response to defendants' motions to reconsider, Howell has identified specific witnesses not located in the Western Division for whom travel to the Eastern Division would be more convenient, although he has not provided a sworn affidavit or other evidence other than argument contained in his response. *See, e.g., Midwest Precision Servs. v. PTM Indus. Corp.,* 574 F.Supp. 657, 659 (N.D.Ill.1983) (internal citation omitted). Since it is defendants' burden to show that the Western Division is more convenient for witnesses, and they have presented no evidence that this is the case, this factor weighs against transfer.

### IV.

In addition to considering convenience, I must also consider the interest of justice. Factors relevant to the interest of justice include the transferor and transferee courts' familiarity with the applicable law, and the effect of transfer on the efficient administration of justice. *Coll. Craft Cos.,* 889 F.Supp. at 1056. *See also Schwarz v. Nat'l Van Lines, Inc.,* 317 F.Supp.2d 829, 837 (N.D.Ill.2004). Both divisions of the Northern District are equally familiar with the applicable Illinois law, so the relevant question is the effect of transfer on the efficient administration of justice.

Defendants contend that it is in the interest of justice to transfer this case to the Western Division since the residents of that division have more interest in the outcome. *See, e.g., Cody v. DeKalb Sanitary Dist.,* No. 98 C 6832, 1999 WL 417368, at *3 (N.D.Ill. June 13, 1999) (internal citations omitted). While it is true that the citizens of the Western Division may have more of an interest in the outcome, this does not mean that the interest of justice weighs in favor of transfer. First, at the time the defendants' original motions to transfer were filed, this court had already set a briefing schedule on defendants' motion to dismiss, and had already begun the process of hearing the case. Before defendants' motions to reconsider were filed, this court had already approved a scheduling order and had ruled on other issues, including the defendants' motion to remand. There has been significant delay in this case since it was originally removed from state court. The case was removed in March of 2006 and transferred to this division on June 23, 2006. Defendants did not file their motions to transfer until October 23, 2006. Perhaps this delay made

---

**8.** As I stated during the hearing on October 31, the parties will likely only need to be present in court for the trial itself if there should be a trial; the depositions of the parties can take place at any convenient location.

sense given that the parties were waiting on a ruling on Howell's motion to remand, and did file their motions to transfer five or six days after they received that ruling. Still, regardless of the causes for the delay, this case has nevertheless lingered. The parties now have additional outstanding motions before this court. The interests of justice do not support transferring this matter.

## V.

On balance, the factors in this case weigh in favor of the case remaining in the Eastern Division. Accordingly, I deny defendants' motions to reconsider.